AMANDA PALMERI, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

133    261
166    440.

A railroad corporation is civilly liable for all the unlawful acts of its servant, done in the prosecution of the business entrusted to him, if its passengers are injured thereby, and good faith and motives on the part of the servant are not a defense.

The corporation, therefore, is liable for acts of injury and insult by an employe, although in departure from the authority conferred or implied, if they occur in the course of the employment.

*Mali* v. *Lord* (39 N. Y. 381), distinguished.

Plaintiff purchased a ticket of defendant's agent at one of its stations, and, after some altercation about the amount of change, passed through the gate to take a train. The agent followed her out upon the platform, charged her with having passed upon him a counterfeit twenty-five cent piece, and demanded another in its place. She refused, insisting that her money was genuine, and refused to give back the change received. The agent called her a counterfeiter and a common prostitute, placed his hand upon her and told her not to stir until he had procured a policeman to arrest and search her. He detained her on the platform for

awhile, but, not getting an officer, let her go.  *Held,* that an action for damages was maintainable; that, in the acts complained of, the agent was engaged about the defendant's affairs, in endeavoring to protect and recover its property, and so it was responsible for his acts.

*Mulligan* v. *N. Y. & R. B. R. Co.* (129 N. Y. 506), distinguished.

Upon plaintiff's cross-examination, an offer by defendant to prove that she was an habitual litigant was excluded.  *Held,* no error.

(Argued April 22, 1892; decided May 3, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 11, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for unlawful imprisonment accompanied with slanderous words.

The facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellant.  Defendant was not liable for the torts of Dayton by virtue of the maxim, *respondeat superior,* because Dayton was acting outside the scope of his employment, in doing the acts complained of. (Cooley on Torts, 136 ; *Mali* v. *Lord,* 39 N. Y. 381 ; *Railway Co.* v. *Harris,* 122 U. S. 597 ; *Rounds* v. *D., L. & W. R. Co.,* 64 N. Y. 133 ; *Higgins* v. *W. T. Co.,* 46 id. 23 ; *Mott* v. *C. I. Co.,* 73 id. 543 ; *Poulton* v. *L. & S. W. R. Co.,* 8 B. & S. 616 ; *Goff* v. *G. N. R. Co.,* 3 E. & E. 672 ; *Fraser* v. *Freeman,* 43 N. Y. 566 ; *McKenzie* v. *McLeod,* 10 Bing. 385 ; *Meehan* v. *Morewood,* 5 N. Y. Supp. 710 ; *Carter* v. *H. M. Co.,* 51 Md. 290 ; *Edwards* v. *L. & N. R. Co.,* L. R. [5 C. P.] 445 ; *Bank of New South Wales* v. *Owston,* L. R. [4 App. Cas.] 275 ; *Mulligan* v. *N. Y. & R. B. R. Co.,* 42 N. Y. S. R. 83 ; *Isaacs* v. *T. A. R. Co.,* 47 N. Y. 122 ; *Wright* v. *Wilcox,* 19 Wend. 343 ; *Limpus* v. *L. G. O. Co.,* 1 H. & C. 526 ; *Vanderbilt* v. *R. T. Co.,* 2 N. Y. 479 ; *Cavanaugh* v. *Dinsmore,* 12 Hun, 465 ; *Sheridan* v. *Charlick,* 4 Daly, 338 ; *Baldwin* v. *N. Y. & H. N. Co.,* Id. 314 ; *Allen* v. *L. & S. W. R. Co.,* L. R. [6 Q. B.] 65 ; *Hamilton* v. *N. Y. C. & H. R. R. R. Co.,*

51 N. Y. 100.) Defendant was not liable for the acts complained of, on the ground of a breach of the contract of carriage. (*Stewart* v. *B. & C. T. R. Co.*, 90 N. Y. 588; *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.*, 120 id. 117; Benj. on Sales, § 703; *Sweet* v. *Titus*, 67 Barb. 327; *Kingston Bank* v. *Gay*, 19 id. 459; *Edgerton* v. *Hodge*, 41 Vt. 676; *Markle* v. *Hatfield*, 2 Johns. 455; *O. Bank* v. *Lightbody*, 13 Wend. 101.) The court erred in refusing to allow defendant to elicit on cross-examination the fact that plaintiff was an habitual litigant, and had five different suits pending against various corporations for personal injuries. (*Butler* v. *Flanders*, 12 J. & S. 532; *Tooley* v. *Bacon*, 70 N. Y. 34, 37; *Marston* v. *Gould*, 69 id. 220, 221.) The court erred in admitting in evidence the alleged declarations of Dayton to Murphy, not made in the presence of plaintiff nor forming part of the *res gestæ*, for the purpose of showing a consciousness of guilt. (*Starbird* v. *Barrows*, 43 N. Y. 200; *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 id. 280; *Whitaker* v. *E. A. R. Co.*, 51 id. 295; *Luby* v. *H. R. R. Co.*, 17 id. 131; *Sherman* v. *D., L. & W. R. Co.*, 106 id. 542.)

*James D. Bell* for respondent. The Circuit judge did not err in denying defendant's motions to compel plaintiff to elect upon which cause of action, slander or false imprisonment, combined in her complaint, she would go to trial, and to strike out the allegations of slander in the complaint, and its exceptions to such rulings are not well taken. (Code Civ. Pro. § 499.) Defendant's failure to move for a nonsuit or a direction of the verdict is an admission that the evidence on the part of the plaintiff is sufficient to justify a verdict in her favor, and on appeal defendant cannot be heard to allege that the verdict in plaintiff's favor was without evidence. (*Ross* v. *Colby*, 3 Hun, 546; *Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 628, 632.) The court did not err in its charge to the jury. (*Stewart* v. *B. C. T. R. R. Co.*, 90 N. Y. 588; *Jackson's Case*, 47 id. 274; *Lynch's Case*, 90 id. 77; *Dwinelle's Case*, 120 id. 117.)

Gray, J. Quite recently we had occasion to consider a case where the ticket agent of a railroad company directed the arrest, by police officers, of a person in the railroad station, whom he suspected of being a counterfeiter, and the company was, thereafter, sued for false imprisonment. In that case the facts were, briefly stated, that the ticket agent had been notified by the police authorities to watch for men of a certain description, suspected of passing counterfeit bills. Upon a certain occasion two men came into the station and one of them tendered a bill in payment for tickets. The agent suspected them of being the counterfeiters wanted by the police and thought the bill looked " queer ; " but, nevertheless, took it and gave back the change with the tickets, saying nothing to them. He then sent for a police officer, to whom he pointed out the men, who were then on the station platform. The bill was subsequently pronounced to be genuine and the man was discharged. We held that the company was not responsible in damages, because the agent was not, in what he did, acting within the scope and line of his duty. His acts were not such as could be deemed to be performed in the course of his employment ; or such as were demanded for the protection of his employer's interests, but rather those of a citizen desirous of aiding the police in the detection and arrest of persons suspected of being engaged in the commission of a crime. His duty, as the particular agent of the company, was to have refused to accept and change the bill tendered in payment for passage tickets, if he supposed it was not genuine, and, when he did accept it, his only purpose could have been to further the efforts of the police authorities by such a step and could not possibly be considered as something which his employers, or his employment, required of him. I refer to the case of *Mulligan* v. *New York & Rockaway Beach Ry. Co.* (129 N. Y. 506.) In the present case, however, the acts of the ticket agent were of a different character.

The plaintiff purchased a ticket of the agent at the elevated railroad station and passed through to take the cars, after some altercation about the amount of the change. The ticket agent

immediately afterwards came out upon the platform of the station, charged her with having given him a counterfeit piece of money and demanded another quarter in place of the one given him. She insisted upon her money being genuine and refused to give another quarter, or to hand back the change. He became angry and called her a counterfeiter and a common prostitute. He placed his hand upon her and told her not to stir until he had procured a policeman to arrest and to search her. He detained her in the station for a while, but let her go when he failed to get an officer. This action was then brought to recover damages, because of injury sustained from the unlawful imprisonment, or the restraint imposed upon the plaintiff's person, accompanied by the slanderous words publicly spoken concerning her. The jury believed her story and the judgment, which she has recovered, the appellant seeks to avoid; principally upon the ground that the ticket agent was acting outside of the scope of his employment in doing the acts complained of. The appeal must fail. This is not like the *Mulligan* case. Here the agent was acting for his employers and with no other conceivable motive, losing his temper and injuring and insulting the plaintiff upon the occasion. He believed that plaintiff had passed a counterfeit piece of money upon him and thus had obtained a passage ticket and good money in change. What he did was in the endeavor to protect and to recover his employer's property and if, in his conduct, he committed an error which was accompanied by insulting language and the detention of the person, the defendant, as his employer, is legally responsible in an action for damages for the injury. For all the acts of a servant or agent, which are done in the prosecution of the business entrusted to him, the carrier becomes civilly liable, if its passengers, or strangers, receive injury therefrom. The good faith and motives of the servant are not a defense, if the act was unlawful. Once the relation of carrier and passenger entered upon, the carrier is answerable for all consequences to the passenger of the willful misconduct or negligence of the persons employed by it, in the execution of the contract which it has undertaken

towards the passenger. This is a reasonable and necessary rule, which has been upheld by this court in many cases; of which *Weed* v. *P. R. R. Co.* (17 N. Y. 362); *Hamilton* v. *Third Ave. R. R. Co.* (53 id. 25); *Stewart* v. *B. & C. R. R. Co.* (90 id. 588), and *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.* (120 id. 117) are sufficient instances.

What materially distinguishes the present from the *Mulligan* case is that there the servant of the company was not acting for the protection of the company's interests; but went quite outside of the line of his duty, to perform a supposed service to the community, by procuring the arrest of criminals, whom he knew the authorities were endeavoring to apprehend. That did not enter into the transaction of his employer's business; whereas here the ticket agent clearly was engaged about the company's affairs; but, in the belief of the jury, unlawfully detained the plaintiff and insulted her by slandering her character. It is needless to consider the case of *Mali* v. *Lord* (39 N. Y. 381), so much relied upon by the appellant. There is no parallel between the case of a clerk in a store, who has a person arrested and searched, upon suspicion of a theft, and whose general employment could not warrant such an act; and the present case of an agent, who is considered to be invested by the carrier with a discretion and a duty in matters of his employment, from which an authority is inferable to do whatever is necessary about it. Though injury and insult are acts in departure from the authority conferred, or implied, nevertheless, as they occur in the course of the employment, the master becomes responsible for the wrong committed. Judge ANDREWS in *Rounds* v. *D., L. & W. R. R. Co.* (64 N. Y. 129), points out the distinguishing principle of these cases, and refers to *Mali* v. *Lord* in the course of his opinion.

The offer by defendant, upon plaintiff's cross-examination, to show that she was a habitual litigant, was properly excluded. It had nothing to do with the issue, and, if true, would not prove her unworthy of belief; any more than it would follow, from her admission of its truth, that the litigations, which such a tendency had encouraged, were not upon meritorious

grounds. The testimony of the witness Murphy, a bystander upon the occasion, as to the ticket agent's conversation with him, I think was admissible as occurring simultaneously and as illustrating somewhat the transaction ; but, even if questionable, the defendant appears to have objected to the testimony after it was in, and obtained no ruling by motion to strike out. When, subsequently, upon it appearing to the court that the plaintiff did not hear the conversation, an objection to the testimony continuing was made, it was considered proper by the judge and was at once sustained.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____