## WILLIAM A. HANSEE, RESPONDENT, *v.* THE BROOKLYN ELEVATED RAILROAD COMPANY, APPELLANT.

*Action for personal injury — evidence of similar claims made by plaintiff against other railroads, not admissible — injury to general health.*

In an action against a railroad company to recover the damages resulting from a personal injury caused by the defendant's negligence, the defendant cannot introduce evidence to establish the fact that the plaintiff had made similar claims against other railroad companies for injuries not connected with the injury in suit.

Nor can the plaintiff, in such an action, be cross-examined, with a view to discredit him, as to claims for other injuries against other companies, without proof of facts showing, or tending to show, that such claims were dishonest.

In such an action evidence of injury to the plaintiff's general health is admissible, where it is the direct consequence of the immediate injury, and the complaint contains a sufficient averment to support such evidence.

Where the immediate injury is to the plaintiff's hand, and the complaint avers that the injury to the hand is serious, permanent and painful, this is a sufficient averment to support testimony as to plaintiff's general health.

APPEAL by the defendant, the Brooklyn Elevated Railroad Company, from a judgment, entered in the office of the clerk of Kings county on the 5th day of April, 1892, in favor of the plaintiff William A. Hansee and against the said defendant, on the verdict of a jury, for $500, and also from an order denying the defendant's motion for a new trial entered in said clerk's office on the 21st day of April, 1892.

The action was brought to recover the damages resulting from a personal injury alleged to have been received by plaintiff, while riding as a passenger in one of defendant's cars, through the defendant's negligence.

*William N. Cohen,* for the appellant.

*W. F. O'Neill,* for the respondent.

BARNARD, P. J.:

The proof established a clear case of negligence against the defendant. On the 20th of December, 1886, he was a passenger on the defendant's cars, and while he was in the act of getting off the train the conductor, who was intoxicated, pulled the door shut with a great deal of force and caught the plaintiff's right hand and quite seriously injured him. The jury found a verdict of $500. The verdict is very moderate if the plaintiff's evidence be credited.

The only question, therefore, upon appeal is whether any error was committed on the trial. The defendant offered on the trial to prove that the plaintiff had made a claim for damages against the West Shore Railroad Company and against the Delaware and Hudson Railroad Company. This was excluded, unless connected with this injury. This was not claimed, but it was claimed that a right to cross-examine the plaintiff as to other injuries was proper to discredit the witness and to show that this claim was manufactured. The evidence was properly excluded. The mere fact that the plaintiff had been a witness before, and had had other claims for damages for injuries against other corporations would, of itself, prove nothing. The merits of each case must be tried. A mistaken claim would be of no importance as establishing a character for asserting manufactured claims of injury. A witness' credibility cannot be affected, unless something more is proven than that the plaintiff had made claims for injuries at other times of other companies. A party may sue as often as he is injured, and there is no presumption that can properly be based upon such actions without proof of facts showing, or tending to show, that the claims were dishonest. The case is not like that class of cases where other frauds are permitted to be proven to show the fraudulency of the contract asserted by a party against a fraudulent vendee.

The evidence that the injury to the hand occasioned an injury to the general health was properly admitted. It was the direct consequence of the injury, and the complaint avers that the injury to the hand was serious, permanent and painful. There was a sufficient averment to support the testimony as to the general health. The evidence on the trial was conflicting; not as to the accident, for the plaintiff and his son are the only witnesses as to the occurrence. The manager of the defendant testifies as to subsequent declarations and conduct of the plaintiff. The defense impeached the general character of the plaintiff for credibility. The case was tried with great thoroughness, and the conclusion reached by the jury upon the disputed facts should be decreed final on appeal.

Judgment and order denying new trial affirmed, with costs.

PRATT, J. concurred.

Judgment and order denying new trial affirmed, with costs.