(54 App. Div. 266.)

CRAVEN v. BLOOMINGDALE.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. MASTER AND SERVANT—LIABILITY OF MASTER FOR WRONGFUL ACT OF SERVANT.

Defendant was the proprietor of a department store. Plaintiff purchased an oven from him, which proved unsatisfactory, and it was agreed between them that a new one should be substituted on payment by plaintiff of a small difference in price. When such new oven was delivered, it was marked "C. O. D.," and defendant's driver demanded its entire price. Plaintiff refused to give it, but tendered the difference in price, as agreed on. The driver demanded payment of the entire sum, or the return of the oven. On plaintiff's refusal to do either, the driver procured a policeman, charged plaintiff with the theft of the oven, and had him arrested. At the hearing he was discharged. The marking of the oven "C. O. D." was the result of a mistake of defendant's employés. The driver had full authority to require payment of the marked price of the oven, or take it back to his employer. *Held*, in an action for false imprisonment, that the act of the driver in securing the arrest of the plaintiff was within the scope of his employment, and that defendant was liable therefor.

2. FALSE IMPRISONMENT—PLEADING—CURING DEFECTIVE COMPLAINT.

A complaint in an action for false imprisonment which merely avers that defendant, "without any right or authority so to do, and against the will of plaintiff," caused plaintiff's arrest, if defective, is cured by an amendment at the close of the case which inserts the words "without a warrant and without authority of law."

3. SAME—AMENDMENT.

An amendment to a complaint in an action for false imprisonment which changes an averment that defendant, "without any right or authority so to do, and against the will of plaintiff, caused plaintiff's arrest," by adding thereto the words "without a warrant and without authority of law," does not change the cause of action, and is properly allowed.

4. SAME—DAMAGES.

In an action for false imprisonment, punitive damages may be allowed by the jury, within its discretion.

Appeal from trial term.

Action by Walter S. Craven against Lyman G. Bloomingdale. From a judgment in favor of plaintiff, and an order denying a mo-

tion for a new trial (64 N. Y. Supp. 262), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Otto Horwits, for appellant.

John W. Brainsby, for respondent.

PATTERSON, J. On the trial of an action brought to recover damages for false imprisonment, the plaintiff had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the defendant appeals. The plaintiff was arrested by a policeman at the instigation of a driver in the employ of the defendant, was taken before a police magistrate, who seems to have inquired into the cause of the arrest, and then discharged the plaintiff. The facts constituting the cause of action and proven are, in brief, the following: The defendant, the proprietor of a large department store in the city of New York, sold to the plaintiff's wife a small gas stove and an oven, which were paid for. Finding the oven to be unsatisfactory, it was returned to the defendant, who agreed to furnish another in its place; the difference in value, of a few cents, to be paid by the purchaser. After much delay the defendant sent to the plaintiff's apartment the oven to be substituted, but, instead of giving instructions to deliver it upon payment of the few cents due, the article was marked "C. O. D.," which, it is agreed, means that the full value of the oven should be collected on its delivery, or the article brought back to the seller by the person intrusted with it for delivery to the purchaser. The article thus marked was given to one Blaut, a driver in the defendant's employ, who took it to the house in which the plaintiff's family resided; and a young lad there delivered it into the possession of the plaintiff, or his wife, and demanded the value or price as marked upon the merchandise. The plaintiff and his wife stated their claim of right to the possession of the oven, and offered to pay the amount due the defendants. Thereupon the lad returned to the driver, who went to the plaintiff's apartment, demanded the full price, or the return of the oven, and the plaintiff, or his wife, again stated their claim to the possession of the article, and offered the few cents difference above referred to. The driver still insisted upon his demand of the money, or the return of the merchandise; and, the plaintiff refusing either, the driver went in pursuit of a policeman, brought him to the plaintiff's apartment, and there, in substance, charged the plaintiff with the theft of the oven. Upon such charge being made, the plaintiff was arrested and taken before a police magistrate, with the result above mentioned. It is not denied that the plaintiff's claim of right to the oven upon payment of the few cents was well founded, and it is quite evident that sending the goods marked "C. O. D." was a mistake of some one in the employ of the defendant; nor is it denied that the driver had full authority to require payment of the marked price of the oven, or to take it back to his employer; nor is it claimed that a warrant of arrest was ever issued, or that the plaintiff was taken into custody under the authority of a warrant. It appears in

evidence that, when goods were sent out by the defendant marked "C. O. D.," they were charged to the driver, and that if the driver did not return the article, or the price thereof, its value was charged personally to him; and a written contract to that effect signed by Blaut was read in evidence. That the arrest of the plaintiff was illegal is quite apparent. The police officer had no warrant, and he could make an arrest without one only for a crime committed or attempted in his presence, or where a person had committed a felony, although not in his presence, or where a felony had in fact been committed, and he believed the person to be arrested to have committed it. Section 177, Code Cr. Proc. There is no evidence in this case of the commission of a felony, but quite the contrary.

The underlying question to be considered is the responsibility of the defendant for the act of the driver in causing the arrest. The test of the responsibility is not that the agent should be expressly authorized to do the particular act, or that authority should be expressly conferred, but whether the agent was engaged in his master's business, and acted within the general scope of his authority. In Mott v. Ice Co., 73 N. Y. 547, the court, in considering the general principle by which the liability of a master to respond for the consequences of the wrongful acts of his servants is tested, says:

"The rule recognized in all the recent cases, and which does not materially conflict with any of the later decisions, * * * is that for the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully."

In Lynch v. Railroad Co., 90 N. Y. 77, which was an action for false imprisonment against a principal, the court said:

"It matters not that he [the servant] exceeded the powers conferred upon him by his principal, and that he did an act which the principal was not authorized to do, so long as he acted in the line of his duty, or, being engaged in the service of the defendant, attempted to perform a duty pertaining, or which he believed to pertain, to that service. He detained the plaintiff at the station, caused his arrest, and went with the police officer to the police station, there made a complaint, and then the next morning appeared before the police magistrate and renewed his complaint. These were successive steps taken by the gatekeeper [the defendant's servant] to enforce the payment of the fare by the plaintiff, or to punish him for refusing to pay it, and for all that he did the defendant was responsible."

Mali v. Lord, 39 N. Y. 381, and other cases in which persons have been detained by employés of shopkeepers upon suspicion of shoplifting, are quite distinguishable from the present case. In Palmeri v. Railway Co., 133 N. Y. 266, 30 N. E. 1001, 16 L. R. A. 136, the court says:

"There is no parallel between the case of a clerk in a store, who has a person arrested and searched upon suspicion of a theft, and whose general employment could not warrant such an act, and the present case of an agent, who is considered to be invested by the carrier with a discretion and a duty in matters of his employment, from which an authority is inferable to do whatever is necessary about it."

In the case before us the goods were delivered to the driver under such circumstances as authorized him not only to protect the

property of his master, but to do what he believed to be his duty to his principal with reference to that property; and we think the case falls directly within the rulings in Lynch v. Railroad Co., supra. The acts of Blaut were quite similar to those committed by the servant of the railroad company in the case last cited, with an unimportant exception. According to Blaut's own testimony, the arrest was made and the charge preferred in order to get back the merchandise, and the substance of the charge was a theft. It would scarcely be disputed that, if this article had been taken from the wagon while in charge of Blaut, an arrest caused by him of the person taking it would have been an act performed in the course of his duty to his employer for the protection of the employer's property; and the character of the act in this case does not differ materially from that in the case supposed, although Blaut swears that he stated to the plaintiff, "I have got to have the stove, or the money, because I am responsible for it." The legal quality of his act does not depend upon his assertion, but upon his relation to his master. It is quite evident that he believed it to be his duty to cause the arrest, and his master placed him in charge of the merchandise under such circumstances as would authorize an implication of authority to do what was proper or necessary, in the exercise of his judgment, to protect the property intrusted to him. The fact that his employer required from him, upon his entering on the employment, an agreement that he would be responsible for any merchandise which might be lost, destroyed, or stolen after being placed in his charge, does not affect the question. That was simply an additional security to the employer.

It is urged that the complaint should have been dismissed because of its insufficiency in setting forth the cause of action for false imprisonment. It was averred in the complaint that the defendant, without any right or authority so to do, and against the will of the plaintiff, caused the plaintiff's arrest. If the complaint were defective in that regard, it was cured by an amendment allowed at the close of the plaintiff's case, which permitted the insertion in the complaint of the words "without a warrant and without authority of law." We think this amendment was properly allowed, as the cause of action was in reality not changed.

It is further claimed that the court erred in charging the jury that they might award punitive damages to the plaintiff, and in refusing a request to charge that punitive damages could not be allowed. In actions for false imprisonment, a jury may award such damages, within its discretion. Voltz v. Blackmar, 64 N. Y. 440; Stevens v. O'Neill, 51 App. Div. 364, 64 N. Y. Supp. 663. The charge of the trial judge upon this subject was not erroneous, and, upon an examination of the whole case, we cannot say that the amount of the verdict was excessive.

The judgment and order appealed from should be affirmed, with costs. All concur.