**1136**

appellant. P. S. Britt, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

CORBIN v. DWYER et al. (Supreme Court, Appellate Division, Third Department. January 24, 1901.) Action by Daniel Corbin against Edward Dwyer and others. No opinion. Interlocutory judgment of sale modified, so as to provide that it shall not affect any proceeding by any defendants in this action to enforce against the defendant Dwyer, or against his share of the proceeds of sale, any equitable lien which they or either of them may have, and, as so modified, affirmed, with costs to plaintiff. Appeals of plaintiff dismissed, without costs. Order to be settled before KELLOGG, J.

COTTLE, Respondent, v. GUARANTY BLDG. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 29, 1901.) Action by Octavius O. Cottle against the Guaranty Building Company. No opinion. Judgment affirmed, with costs. All concur, except LAUGHLIN, J., not voting.

COURTEAU, Appellant, v. SMITH et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. January 15, 1901.) Action by Rosina Courteau against Fannie Smith and others.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Held, that the complaint, in paragraphs 1 to 4, inclusive, states but a single cause of action.

CRAVEN v. BLOOMINGDALE. (Supreme Court, Appellate Division, First Department. December 31, 1900.) Action by Walter S. Craven against Lyman G. Bloomingdale. No opinion. Motion denied, with $10 costs. See 66 N. Y. Supp. 525.

CROCKER, Respondent, v. PORTER, et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 25, 1901.) Action by Harry Crocker against Tryphena D. Porter and others. No opinion. Order affirmed, with $10 costs and disbursements.

CROLLY, Appellant, v. DEVLIN et al., Respondents. (Supreme Court, Appellate Division, First Department. December 31, 1900.) Action by James A. Crolly against Angela M. Devlin and others. W. S. Logan, for appellant. R. Dulen, for respondents. No opinion. Judgment affirmed, with costs, on the opinion in Meldon v. Devlin, 31 App. Div. 146, 53 N. Y. Supp. 172.

CROLLY, Appellant, v. DEVLIN et al., Respondents. (Supreme Court, Appellate Division, First Department. December 31, 1900.) Action by James A. Crolly, individually, etc., against Angela M. Devlin and others. W. S. Logan, for appellant. R. O'Gorman, for respondents. No opinion. Judgment affirmed, with costs, on the opinion in Meldon v. Devlin, 31 App. Div. 146, 53 N. Y. Supp. 172.

DARRAH v. CRANDALL. (Supreme Court, Appellate Division, First Department. December 31, 1900.) Action by J. N. Darrah against A. W. Crandall. No opinion. Motion dismissed, with $10 costs.

DAVID, Respondent, v. MANHATTAN RY. CO., Appellant. (Supreme Court, Appellate Division. First Department. December 21, 1900.) Action by Albert L. David against the Manhattan Railway Company. A. A. Wheat, for appellant. C. H. Strong, for respondent. No opinion. Judgment affirmed, with costs.

In re DAVIES, Atty. Gen. (Supreme Court, Appellate Division, Third Department. January 24, 1901.) In the matter of the petition of John C. Davies, attorney general of the state of New York, for an order directing Charles W. Morse, appellant, and others, to appear before a referee for examination pursuant to chapter 690 of the Laws of 1899.

PER CURIAM. Motion for leave to appeal to the court of appeals granted, and the following questions certified: (1) Are the duties which the statute (chapter 690 of the Laws of 1899) imposes upon the justices of the supreme court nonjudicial duties, and, if so, is it for that reason unconstitutional and inoperative? (2) In granting the order of May 28, 1900, was Justice Chase performing a judicial function? (3) Had the legislature constitutional power to confer upon a referee, appointed in the manner provided by such statute, the authority to take testimony and punish for contempt in the manner and to the extent therein provided? (4) Do the facts set forth in the petition of the attorney general show that any action authorized by section 3 of chapter 690 of the Laws of 1899 could be maintained? (5) Does chapter 690 of the Laws of 1899 require Charles W. Morse, under the order of Justice Chase of May 28, 1900, to give evidence of matters which might subject him to penalties or criminal prosecution under any federal statute in violation of his rights under the state or federal constitution? See 67 N. Y. Supp. 492.

DE GRAW, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 31, 1901.) Action by Wilson De Graw, by Gilbert De Graw, his guardian ad litem, against the Erie Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

DEUTERMAN et al., Appellants, v. POLLOCK et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 11, 1901.) Action by Charles Deuterman, William Deuterman, and George Deuterman, as executors of the last will and testament of Charles Deuterman, deceased, against Alexander Pollock and Samuel H. Gainsborg. No opinion. Motion to resettle order granted.

DICKERSON, Appellant, v. DICKERSON, Respondent. (Supreme Court, Appellate Division, Fourth Department. January 22, 1901.) Action by Mary E. Dickerson against George W.