### WILLIS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. STREET RAILROADS—ASSAULT ON PASSENGER BY CONDUCTOR—PLEADING—NEGLIGENCE.

A complaint in an action for injuries to a passenger, against a street railway company, alleging that while plaintiff was attempting to board a car the conductor negligently and recklessly interfered, so that he was thrown from the car and injured, is supported by proof that while plaintiff was standing on the car steps the conductor willfully knocked him from the car; the assault being in law a negligent act on the part of defendant.

2. SAME.

A complaint in an action for injuries to a passenger, alleging that the conductor in charge of a street car was unfit, and that defendant knew or should have known it, and that the accident happened solely through defendant's negligence, is supported by proof that while plaintiff was standing on the car step the conductor willfully knocked him from the car.

3. SAME—ASSAULT ON PASSENGER BY CONDUCTOR—LIABILITY.

A street railway company is liable for the willful assault of its conductor on a passenger.

Appeal from trial term, Kings county.

¶ 3. See Carriers, vol. 9, Cent. Dig. § 1123.

Action by Charles E. Willis against the Metropolitan Street Railway Company. From a judgment of dismissal entered at the close of plaintiff's case, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas P. Wickes (Charles R. La Rue, on the brief), for appellant.
Theodore H. Lord (Charles F. Brown, on the brief), for respondent.

WOODWARD, J.  The plaintiff's complaint alleged:

"The plaintiff lawfully attempted to board an east-bound car of the defendant upon 14th street at or near its intersection with Fourth avenue, * * * and, while so lawfully attempting to board the defendant's said car, the defendant's conductor in charge of said car negligently, carelessly, and recklessly interfered with said plaintiff, by reason whereof said plaintiff was thrown from said car into the street and severely injured."

The evidence of the plaintiff tended to show that at about 8 o'clock in the evening of July 28, 1900, the plaintiff, in company with one Kemp, who appears as a witness, was at the corner of Fourteenth street and Fourth avenue, waiting for an east-bound horse car which was approaching on the southerly track on Fourteenth street; that the car stopped at the corner, and three or four persons got off, and one or more got on. The plaintiff started to get on, but was told by the conductor that there was no room,—to go on away. The car started, and as the rear of the car passed the plaintiff he saw that there was plenty of room on the car, and as it was moving slowly he ran after it 20 feet or more, grasped the handle on the body of the car with his right hand and the handle on the dashboard with his left, and sprang onto the step with both feet, obtaining a solid footing, and remained there as a passenger for a few seconds. While in this position the conductor said to him, "Didn't I tell you there was no room here?" and with his fist he struck plaintiff in the neck, knocking him from his position of safety upon the car step to the pavement, where he struck upon the back of his head, sustaining serious injuries. The learned court, under plaintiff's exception, excluded some testimony in reference to the conductor's striking the plaintiff; struck out other similar testimony as soon as it was given; struck out all of the testimony of the witness Kemp tending to show an assault by the conductor, and finally dismissed the complaint on the ground that the complaint was for damages for negligence, and that the proof sought to be introduced was for an assault. The plaintiff took an exception, and moved for a new trial; this motion being denied.

Under the provisions of section 723 of the Code of Civil Procedure, the court is admonished that, "in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party"; and "where the amendment does not change substantially the claim or defense" the court is authorized to conform the pleading or other proceeding to the facts proved. The facts proved in this case, or at least the evidence from which the jury might reach this conclusion, were that the plaintiff had succeeded in getting on board of

the defendant's car, with the intention of becoming a passenger; and whether the action was one for negligence, or for an assault, the liability of the defendant was the same; and the pleading sufficiently stated that the accident or injury to the plaintiff resulted from the negligent, careless, or reckless conduct of the defendant's servant while engaged in the transaction of the master's business; and the plaintiff was entitled to go to the jury upon the questions thus presented. If the plaintiff was lawfully upon the defendant's car, with the intention of becoming a passenger, there was an implied contract on the part of the defendant to carry him safely, and an assault committed upon the plaintiff by the defendant's servant while in the discharge of the duty which the defendant owed to the plaintiff was in law a negligent act on the part of the defendant. "Negligence," say the court in Nicholson v. Railway Co., 41 N. Y. 525, 529, "consists in the commission of some lawful act in a careless manner, or in the omission to perform some legal duty, to the injury of another." Splittorf v. State, 108 N. Y. 205, 213, 15 N. E. 322. When the defendant permitted its servant to commit an assault upon the plaintiff while a passenger, by which the latter was injured, it omitted a legal duty which it owed to the plaintiff, and was thus brought squarely within the rule above laid down. "It is conceded," say the court in Stewart v. Railroad Co., 90 N. Y. 590, 591, 43 Am. Rep. 185, "that any injury arising from the mere negligence of the servant constitutes a breach of the contract. Had the driver, while executing the contract, carelessly and negligently injured the plaintiff, the defendant's liability would not have been doubted. Can it be less a breach of the contract that the injury was intentionally inflicted? An act which would amount to a breach of the carrier's contract—if negligently done—would be equally a breach if done willfully and maliciously. It is immaterial whether a breach of contract results from the negligence or willfulness of the defendant's agent. Weed v. Railroad Co., 17 N. Y. 362, 72 Am. Dec. 474. It is the injury that was suffered by the plaintiff while in the defendant's car, and not the motive which induced it, that constitutes the gist of the action. No reason exists for holding a master liable for the negligence of servants in his employment which does not with equal force preclude him from alleging intentional default of the servant as an excuse for not performing a duty which he has undertaken. In the former case, the negligence of the servant is that of the master, and that is the ground of the master's liability; in the latter the act of the servant is the act of the master, the motive of the servant making no difference in regard to the legal character of the master's default in doing his duty. In the present case the master had undertaken to transport the plaintiff safely. He was injured while on the defendant's car by the act of the agent to whom the defendant had intrusted the execution of the contract. It is the defendant's failure to carry safely and without injury that constitutes the breach, and it is no defense to say that that failure was the result of the willful or malicious act of the servant."

In the case at bar the plaintiff has likewise pleaded that "the defendant's conductor in charge of said car was an incompetent, unfit, and unsuitable person for the duties of street-car conductor, and the

defendant knew or should have known of his incompetence, unfitness, and unsuitability for the said position, and was negligent in employing and continuing to employ him in the said position of streetcar conductor," and that the "accident happened solely through the negligence of the defendant and of its agents, servants, and employés, and without any negligence whatever on the part of the plaintiff." Clearly, if the jury believed the story told by the plaintiff, there was evidence to show that the conductor was a brutal and unfit person to be in charge of a car, and under well-established rules the company was liable for the injury sustained by the plaintiff. "A railway company selects its own agents at its own pleasure, and is bound to employ none except capable, prudent, and humane men." Stewart v. Railroad Co., 90 N. Y. 588, 593, 43 Am. Rep. 185, and authorities there cited.

The rule is well settled that, once the relation of carrier and passenger is entered upon, the carrier is answerable for all consequences to the passenger of the willful misconduct or negligence of the persons employed by it in the execution of the contract which it has undertaken toward the passenger. Palmeri v. Railway Co., 133 N. Y. 261, 265, 266, 30 N. E. 1001, 16 L. R. A. 136, 28 Am. St. Rep. 632, and authorities there cited; Hart v. Railway Co., 65 App. Div. 493, 495, 72 N. Y. Supp. 797. The plaintiff having produced evidence showing that he had reached a place of safety upon defendant's car, and that he was knocked off and injured by the defendant's servant in charge of such car, he was entitled to go to the jury on the question of the negligence of the defendant in failing to safely carry him. The pleading may have been defective in technical language or in logical statement, but, as against a demurrer or a motion of this character at the trial, the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment. Kain v. Larkin, 141 N. Y. 144, 151, 36 N. E. 9. It cannot be doubted that the complaint did allege that the plaintiff was lawfully attempting to board the defendant's car, and that he had succeeded; for it is said that he was "thrown from said car into the street," and he could not have been thrown from the car unless he had accomplished his lawful effort to board the car. His evidence shows that he was upon the car, and the complaint should have been deemed to have been amended in accordance with the facts established for the purposes of the motion to dismiss. The conclusion here reached is not in harmony with the case of Block v. Railroad Co., 60 App. Div. 191, 69 N. Y. Supp. 1107, although it is possible to distinguish the cases on the substance of the matters pleaded, but that case does not appear to have considered the question of the defendant's neglect to safely carry its passengers or the authorities which are here cited upon this point. We believe the weight of authority holds that a passenger upon the cars of a common carrier is entitled to be safely transported, and that any act on the part of the defendant's servants in carrying out this contract, whether carelessly done or done with personal malice on the part of the servant, which results in injury to the plaintiff, must charge the carrier with liability, and that the cause of action, whether for the assault or for negligence,

78 N.Y.S.—31

is properly maintainable against the carrier. Stewart v. Railroad
Co., 90 N. Y. 588, 592, 593, 43 Am. Rep. 185, and authorities there
cited; Dwinelle v. Railroad Co., 120 N. Y. 117, 122, 24 N. E. 319,
8 L. R. A. 224, 17 Am. St. Rep. 611; McCann v. Railroad Co., 117
N. Y. 505, 510, 23 N. E. 164, 15 Am. St. Rep. 539; Palmeri v. Rail-
road Co., 133 N. Y. 261, 265, 30 N. E. 1001, 16 L. R. A. 136, 28 Am.
St. Rep. 632; Hart v. Railway Co., 65 App. Div. 493, 495, 72 N. Y.
Supp. 797, and authorities there cited; Railway Co. v. Prentice, 147
U. S. 101, 109, 13 Sup. Ct. 261, 37 L. Ed. 97, and authorities there
cited; Mulligan v. Railway Co., 129 N. Y. 506, 512, 29 N. E. 952,
14 L. R. A. 791, 26 Am. St. Rep. 539, citing the Stewart Case, supra;
Magar v. Hammond, 54 App. Div. 532, 67 N. Y. Supp. 63, and au-
thorities cited; Nowack v. Railway Co., 166 N. Y. 433, 440, 60 N. E.
32, 54 L. R. A. 592, 82 Am. St. Rep. 691.

The judgment should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted, costs to abide the
event. All concur.