## MORITZ v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CARRIERS—INJURY TO PASSENGER—OPINION EVIDENCE.
   Where, in an action against a street railway for injuries sustained by a passenger owing to defendant's motorman having struck him in the chest, a physician testified that he found plaintiff's heart affected, and that his trouble could have been caused by the accident, but that it might have come from other causes, it was proper to refuse to strike the evidence as too uncertain.

2. SAME—EVIDENCE—CAUSE OF INJURY.
   In an action against a street railway, plaintiff testified that while standing on the platform of a car the motorman struck him on the chest violently, that he felt faint and had pains in his chest for two or three hours afterwards, and that he had dreams at night of being struck and falling from a car, which sensations apparently continued from the time of the accident. A physician testified that he found plaintiff's heart weak, and that such blows might have caused the injuries. Held, that the evidence warranted a finding that the blows caused the injuries.

3. SAME—PLEADING—VARIANCE.
   In an action against a street railway the complaint detailed the striking of plaintiff by defendant's motorman, and alleged a cause of action founded not only on negligence, but upon violence, on the part of defendant's servant. The evidence showed that, as plaintiff stepped on the car, the motorman, without cause, struck plaintiff violently, saying, "You get off." Held that, though the proofs showed a willful assault, the variance was immaterial, as it could not have misled defendant.

4. SAME—TORT OF MOTORMAN—WILLFUL ASSAULT.
   Where, as a passenger stepped on the front step of a street car, the motorman said, "You get off," and, without cause, struck him, the carrier was liable for injuries sustained by the passenger.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph Moritz against the Interurban Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

¶ 4. See Carriers, vol. 9, Cent. Dig. § 1123.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Arthur K. Wing and Wm. E. Weaver, for appellant.

Kneeland, La Fetra & Glaze, for respondent.

GILDERSLEEVE, J.  The action is for personal injuries.  The plaintiff testifies as follows:

"On the morning of September 12, 1902, my employer, Mr. Coe, and I boarded a south-bound car [of defendant]—a Bowling Green car—on the northwest corner of Broadway and Third street.  My employer got on the car first.  The car was perfectly still.  I stood on the first step of the car, and the motorman started the car; and, without any cause at all, the motorman struck me violently on the chest, and he says to me, 'You get off,' and he repeated this the second time, and he wanted to strike me the third time, when my employer stopped him.  Q. You got on the step of the front platform?  A. Yes; I had this tripod and the carrying case in my hands at the time.  I felt kind of faint and nervous afterward.  He struck me twice, both times on the chest, with his fist.  Q. Did he knock you off the car?  A. No; I hung on.  The car was moving, but it was not going when I first entered on the platform."

He testified that he felt faint and had a pain in his chest for two or three hours afterwards, and that he had dreams at night of being struck and falling from a car, which sensations apparently continued from the time of the accident to the early part of February, 1903. He further says he never suffered from these sensations previous to the accident.  A doctor was called, who testified that he first began treating plaintiff in December, 1902, about three months after the accident.  The doctor found plaintiff's heart affected.  The doctor charged $35 for such treatment.  He thinks plaintiff's trouble could have been caused by the accident, but that it might have come from other causes.

The justice gave judgment for plaintiff in the sum of $272 damages and costs.

The defendant relies upon appeal on the alleged error of the court in refusing to strike out the doctor's evidence as too uncertain. The motion was properly denied.  We think the testimony of the plaintiff, together with the opinion testimony, all unimpeached and uncontradicted, established affirmatively, and with reasonable certainty, the fact that the blows the plaintiff received from the defendant's servant were the proximate cause of the plaintiff's injuries.  At least, it must be said to be sufficient to sustain the findings of the trial judge on that branch of the case.  It was the positive statement of the physician that blows such as the plaintiff testified he received would produce the conditions of which plaintiff complained, and which the physician observed.

The defendant also urges that plaintiff failed to establish his cause of action as pleaded, inasmuch as the complaint is founded on the gross negligence and carelessness of defendant, and the incompetence and reckless disregard of plaintiff's rights on the part of the motorman, while the proofs show a willful assault.  The complaint, however, stated the entire occurrence, in detail, and alleged a cause of action founded not only on negligence, but upon violence upon the

part of defendant's servant. Certainly the alleged variance between the allegations as to negligence in the complaint and the proofs of the assault cannot be said to have misled the defendant, to its prejudice, in maintaining its defense on the merits, in view of the allegations of the complaint setting forth the assault, and hence such alleged variance was immaterial. Code Civ. Proc. § 539. The defendant carrier is civilly liable for all the unlawful acts of its servant, done in the prosecution of the business intrusted to him, if its passengers are thereby injured. It is liable for the acts of injury by an employé, although in departure from the authority conferred or implied, if they occur in the course of the employment. Palmeri v. Manhattan Ry. Co., 133 N. Y. 261, 30 N. E. 1001, 16 L. R. A. 136, 28 Am. St. Rep. 632.

No errors are shown of such weight as to call for a reversal.

The judgment is affirmed, with costs. All concur.