KATHERINE H. HOMEYER, Respondent, v. HARRY YAVERBAUM Appellant.

Second Department, May 20, 1921.

**False imprisonment — liability of store owner for acts of manager — manager did not act within his authority in arresting plaintiff — owner not responsible — evidence not showing that owner was informed of situation and took no action in relation thereto.**

The defendant, the owner of a store, is not liable to respond in damages to the plaintiff for false imprisonment, where it appears that during the absence of the defendant, the manager, solely upon suspicion that the plaintiff had stolen a handbag, accused her of the theft, forbade her to leave the store, threatened to search her and sent for the police, for the manager was not acting within the scope of his authority.

It cannot be presumed that a master, by intrusting his servant with his property, and conferring power upon him to transact his business, thereby authorizes him to do any act for its protection that he could not lawfully do himself if present; the defendant would not if he had been present have been justified in arresting and detaining the plaintiff.

Evidence that some one telephoned or was directed to telephone the defendant that there was a woman in the store who would not leave, does not show that the defendant was informed of the situation and took no action in relation thereto, and the verdict for the plaintiff cannot be justified on that ground.

KELLY, J., dissents.

APPEAL by the defendant, Harry Yaverbaum, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 1st day of March, 1920, on the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of February, 1920, denying defendant's motion for a new trial made upon the minutes.

*Abraham H. Kesselman*, for the appellant.

*James F. Nugent* [*Evan S. Webster* with him on the brief], for the respondent.

JAYCOX, J.:

The appellant keeps a store at the corner of Hamilton and Atlantic avenues, Richmond Hill, borough of Queens. The plaintiff went into the store on the evening of July 11, 1917. She saw the manager of the store, Meyer Yaverbaum, who is a brother of the defendant. At her request the manager showed her some small handbags and then stooped behind the counter to get others. Then, according to the plaintiff's story, he became excited and said there was a bag missing, forbade her to leave the store, threatened to search her and sent for the police. The evidence justified a finding that the plaintiff was put in duress and kept in the store; that she was humiliated and her feelings hurt by the implication that she had stolen the bag.

The serious question in the case is as to the responsibility of the defendant for what his manager did. The court charged the jury that if the defendant's brother (the manager) was in charge of the store, representing him, then the defendant would be responsible in the law for the action of his brother. It is not claimed that there was any evidence in the case justifying the charge that the plaintiff was guilty of larceny. The action of the defendant's manager was based solely upon suspicion. In *Mali* v. *Lord* (39 N. Y. 381) the Court of Appeals, per GROVER, J., said (at p. 384): " * * * The inquiry is, whether a merchant, by employing a clerk to sell goods for him in his absence, or a superintendent to take the general charge and management of his business at a particular store, thereby confers authority upon such clerk or superintendent to arrest, detain and search any one suspected of having stolen, and secreted about his person, any of the goods kept in such store. If he does, he is responsible for such acts of the clerk or superintendent. If not, then such acts are not within the scope of the authority delegated to the superintendent, and the employer is not responsible therefor, for the reason that, while in their performance, the servant is not engaged in the business of the master, any more than in committing an assault upon, or slandering, a customer. In examining this question it must be assumed that, by the employment, the master confers upon the servant the right to do all necessary and proper acts for the protection and preser-

vation of his property, to protect it against thieves and marauders; and that the servant owes the duty so to protect it to his employer. But this does not include the power in question. It cannot be presumed that a master, by intrusting his servant with his property and conferring power upon him to transact his business, thereby authorizes him to do any act for its protection that he could not lawfully do himself if present. The master would not, if present, be justified in arresting, detaining and searching a person upon suspicion, however strong, of having stolen his goods, and secreted them upon his person. The authority of the defendants to the superintendent could not, therefore, · be implied from his employment. The act was not done in the business of the defendants, and they were not, as masters, responsible therefor." This case seems to me to be controlling upon this appeal. The facts of the *Mali* case are almost identical with the facts in the case at bar. My attention has been called to no case in which that case has been overruled or its authority lessened in any way. It has been cited a number of times, but usually for the purpose of showing how the facts in that case differ from the facts of the case then under consideration, the principle of law enunciated in it not being criticized.

The respondent seeks to justify the verdict by claiming that this case is distinguishable because the defendant was informed of the situation and took no action in relation thereto. The evidence, however, does not bear out this contention. The evidence shows merely that some one telephoned or was directed to telephone the defendant that there was a woman in the store who would not leave. This gave the defendant no information or notice of the actual situation.

The respondent also claims that the instant case is controlled by *Craven* v. *Bloomingdale* (54 App. Div. 266) and *Lynch* v. *Metropolitan Elevated Railway Co.* (90 N. Y. 77). If I am correct in my conclusion that the facts in the *Mali Case* (*supra*) are closely analogous to this case, then the *Craven Case* (*supra*) is not an authority here because in the opinion in the *Craven* case it is pointed out that the facts in that case differ from the facts in the *Mali* case. In the *Lynch Case* (*supra*) it was held that the jury was justified in finding that the servant of the defendant acted with the

express authority of the defendant. I, therefore, cannot escape the conclusion that it is the duty of this court to reverse the judgment and to dismiss the complaint, with costs.

BLACKMAR, P. J., MILLS and RICH, JJ., concur; KELLY, J., dissents.

Judgment and order reversed and complaint dismissed, with costs.