## Kenan et al. v. Matuszeski

*Levy & Crone*, for plaintiffs.
*Dalzel, Dalzell, McFall & Pringle*, for defendant.

ELDER W. MARSHALL, J., February 1, 1934.—The jury found that the minor plaintiff had been injured through the negligent operation of defendant's truck and awarded substantial damages to him and his parents. In asking for a new trial, defendant argues only that the court erred in refusing to allow Jean Kenan, one of the plaintiffs and the child's mother, to be cross-examined as to prior claims and suits for supposed injuries to herself.

Mrs. Kenan was a material witness. She testified her child had not had convulsive seizures before the accident. Plaintiffs' medical witnesses diagnosed the child's ailment as traumatic epilepsy, which they ascribed to his having been struck by the truck, basing their opinions upon his mother's statement to them that the child had been in good health before the accident.

In order to lay the ground for attacking her credibility, defendant sought to cross-examine Mrs. Kenan respecting:

1. Her claim against Coca Cola Bottling Company for glass alleged to have been found in a bottle of coca cola, which she had opened in her own home;

2. Her claim against a milk company for sand alleged to have been found in a bottle of milk which she had opened in her own home;

3. Her claim against Rosenbaum Company for ptomaine poisoning alleged to have resulted from eating a sandwich at the company's lunch counter;

4. Her claim against Woolworth Company for a finger alleged to have been cut on a glass tray on one of its store counters;

5. Her claim against Bell Telephone Company for injuries alleged to have been received by falling over a tent above an underground opening;

6. Her claim against Yellow Cab Company for injuries alleged to have been sustained as a result of rough riding of a cab over a poor street;

7. Her claim against Rosenbaum Company for falling over a drawer;

8. Her claim against McCann & Co. for having been bumped by a boy carrying a box of spinach;

9. Two separate suits by her against the City of Pittsburgh, each by a different attorney, for an alleged fall on a sidewalk.

None of these claims concerned the minor plaintiff, nor did the defendant propose to show that any of them were fictitious or unwarranted by the facts; he merely sought to establish the fact that such claims had been made. The question for determination, therefore, is whether the fact that a parent plaintiff is addicted to making claim for personal injuries may be shown for the purpose of attacking his credibility.

The question has not been squarely ruled in Pennsylvania, the only cases bearing on the subject being Burns v. Pa. R. R., 239 Pa. 207, and Thomas v. Altoona & Logan Valley Electric Co., 236 Pa. 365. In the former, proof that the same plaintiff had sued another defendant for injuries received many years before, was held inadmissible. In the latter, the fact that plaintiff, 16 years previously, had sued the same defendant for similar injuries, was held to have no bearing on credibility.

We do, however, find that the precise question has been ruled adversely to defendant in two New York decisions, one of which was furnished to us by counsel. These cases are Palmeri v. Manhattan Ry. Co., 133 N. Y. 261, and Hansee v. Brooklyn Elevated R. R. Co., 66 Hun 384, 21 N. Y. Supp. 230. The reasons for the ruling are compelling, as an extract from each case will show. In Palmeri v. Manhattan Ry. Co., supra, it is said (p. 266):

"The offer by defendant, upon plaintiff's cross-examination, to show that she was a habitual litigant, was properly excluded. It had nothing to do with the issue, and, if true, would not prove her unworthy of belief; any more than it would follow, from her admission of its truth, that the litigations, which such a tendency had encouraged, were not upon meritorious grounds."

The same thought is amplified in Hansee v. Brooklyn Elevated R. R. Co., supra, in the following language:

"The defendant offered on the trial to prove that the plaintiff had made a claim for damages against the West Shore Railroad Company and against the Delaware and Hudson Railroad Company. This was excluded, unless connected with this injury. This was not claimed, but it was claimed that a right to cross-examine the plaintiff as to other injuries was proper to discredit the witness and to show that this claim was manufactured. The evidence was properly excluded. The mere fact that the plaintiff had been a witness before, and had had other claims for damages for injuries against other corporations would, of itself, prove nothing. The merits of each case must be tried. A mistaken claim would be of no importance as establishing a character for asserting manufactured claims of injury. A witness' credibility cannot be affected, unless something more is proven than that the plaintiff had made claims for injuries at

other times of other companies. A party may sue as often as he is injured, and there is no presumption that can properly be based upon such actions without proof of facts showing, or tending to show, that the claims were dishonest. The case is not like that class of cases where other frauds are permitted to be proven to show the fraudulency of the contract asserted by a party against a fraudulent vendee."

We are satisfied that, for the reasons detailed in the foregoing opinions, the objections to the cross-examination of Mrs. Kenan were properly sustained, and hence a new trial must be refused.