DAVID J. INGRAHAM *vs.* PULLMAN COMPANY

Suffolk.    March 22, 1905. — January 2, 1906.

Present: MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Damages,* In contract, remoteness.    *Carrier,* Of passengers.    *Proximate Cause.*

If a passenger holds a ticket from a parlor car company entitling him to a drawing room in a certain car on a train leaving a certain city at 9.40 P. M. and due at his destination at 3.45 A. M. with the privilege of occupancy until 7 A. M., and there turns out to be no drawing room in the car designated, and if the car company offers him a drawing room equal to that called for by his ticket which will be ready for occupancy at 10 P. M. on a train leaving at 12.30 A. M. and arriving at 7.19 A. M., and the passenger refuses this offer, and also refuses the offer of a section in the car named by his ticket, and sits up all night in an ordinary passenger car on the same train, thereby aggravating a valvular disease of the heart from which he suffers, and in consequence is made ill and temporarily unable to work, he can recover from the car company only nominal damages, the direct and proximate cause of his illness being his refusal to accept the accommodations offered to him and not the car company's breach of contract in failing to furnish him with a drawing room in the car named on his ticket.

In an action to recover damages for the plaintiff's illness and consequent loss of work alleged to have been caused by a breach of contract on the part of the defendant, the defendant can introduce evidence to show that the alleged consequences of the breach of contract by the defendant could have been avoided by the exercise of reasonable care and prudence on the part of the plaintiff.

MORTON, J.    The plaintiff had a first class ticket over the Pennsylvania Railroad from Jersey City to Washington, and purchased of the defendant a ticket for a drawing room in a car forming part of a train which was to leave Jersey City on the night of January 22, 1902, at 9.40 P. M. arriving at Washington at 3.45 A. M.    The car was described on the ticket as Car No. 1, and the ticket permitted the drawing room to be occupied till 7 A. M. the next morning.    The plaintiff and a friend who was to accompany him presented themselves at the train, and were told by the conductor that there was no drawing room in Car No. 1 on that train.    A section was offered to the plaintiff which he declined, and entered an ordinary passenger car not belonging to the defendant which had no sleeping accommodations, and travelled therein to Washington, sitting up all night.    There was evidence tending to show that the plaintiff had a valvular dis-

ease of the heart which was aggravated by his sitting up all night, and that, in consequence thereof, he was sick after his arrival at Washington, and unable to work regularly till March 1. It appeared that the next train for Washington left at 12.30 A. M. arriving there at 7.19 A. M., and the defendant was permitted, subject to the plaintiff's objections and exceptions, to introduce evidence tending to show that the plaintiff was offered a drawing room in a car attached to that train which would be ready for occupancy at ten o'clock, and which was in all respects equal to the drawing room called for by his ticket, but he refused to accept it. Similar testimony was introduced, also subject to the plaintiff's objections and exceptions, of other accommodations offered to him and refused. The jury returned a verdict for the plaintiff for nominal damages, and the case is here on exceptions by the plaintiff to the introduction of the evidence above referred to, and to the refusal of the judge to give certain rulings that were requested, and to the charge so far as inconsistent with the rulings thus asked for.

It is clear that there was a breach of its contract by the defendant. And if the injury to the plaintiff's health was the direct and proximate result of the breach, there would be strong ground for holding that the defendant was liable in damages therefor, and for any inconvenience to which the plaintiff was subjected. There was testimony tending to show that drawing rooms were largely used by invalids, and possible injury to health by reason of a breach of the contract might, therefore, fairly be presumed to have been within the contemplation of the parties to it. But in the present case the injury to the plaintiff's health was not the direct and proximate result of the breach by the defendant of its contract. There was an intervening cause, namely, the plaintiff's refusal to accept the accommodations, which the jury must have found were tendered to him, and his conduct in going into an ordinary passenger car, and sitting up during the night's ride to Washington. *Dodd* v. *Jones*, 137 Mass. 322. When he found that he could not get the drawing room for which his ticket called, he was bound in the exercise of ordinary prudence to adapt himself as well as he reasonably could, considering his health, business and other matters, to the circumstances in which he was placed, and to avail himself, within those

limits, of such accommodations as were offered by the defendant. In other words it was incumbent on him to do what he reasonably could, taking all the circumstances into account, to lessen the injury and not to aggravate it. *Loker* v. *Damon*, 17 Pick. 284. *Sutherland* v. *Wyer*, 67 Maine, 64. 1 Sedg. Damages, (8th ed.) §§ 201 *et seq.* The evidence that was objected to was rightly admitted for the purpose of showing that the alleged consequences of the breach of its contract by the defendant could have been avoided by the plaintiff by the exercise of reasonable care and prudence on his part. We see no error in the instructions that were given, or in the refusal to give those that were requested.

*Exceptions overruled.*

*J. J. Feely*, (*R. Clapp* with him,) for the plaintiff.

*B. N. Johnson*, (*R. L. Dana* with him,) for the defendant.