COORMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   June 29, 1908.)

1  CARRIERS—INJURIES TO PASSENGERS—ASSAULT BY CONDUCTOR—DAMAGES.
    A street car conductor called a passenger asking for a transfer a
   "Sheeny," and struck him in the face, causing his nose to bleed, necessi-
   tating his leaving the car.   There were other passengers on the car, and
   he was a peaceable, law-abiding citizen, holding an important position
   with a manufacturing company.   *Held,* that a verdict for $500 was not
   excessive.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1345.]

2. APPEAL AND ERROR—OBJECTIONS TO EVIDENCE—REVIEW.
       Where the objection to evidence is urged below on specific grounds, the
   court on appeal cannot consider other grounds.

Appeal from Municipal Court, Borough of Manhattan, Third Dis-
trict.

Action by Hyman Coorman against the Brooklyn Heights Railroad
Company.   From a judgment of the Municipal Court rendered in
favor of plaintiff, defendant appeals.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and RICH, JJ.

Francis R. Stoddard, Jr., for appellant.
David Hirshfield, for respondent.

WOODWARD, J.   The plaintiff brings this action in the Municipal
Court for breach of contract of carriage by the defendant, a common
carrier, under the authority of Busch v. Interborough R. T. Co., 187
N. Y. 388, 80 N. E. 197, and Gillespie v. Brooklyn Heights R. R. Co.,
178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503,
and established by the evidence that he became a passenger upon one
of the defendant's cars, paid his fare, and demanded a transfer; that
the conductor told him to wait a minute, whereupon he took up his
paper and read while the car was traveling several blocks, picking up
passengers the while; that, when the conductor came around col-
lecting fares of the new passengers, he again asked for a transfer,
when the conductor called him a "Sheeny," asked why he did not ask
for the transfer when he paid his fare, and, on being told that he did
ask for it, the conductor struck him across the face and nose, causing
plaintiff's nose to bleed, resulting in nervous prostration, headaches,
etc.   There is practically no dispute about the facts; the conductor
merely attempting to justify his action by saying that he had an idea
the plaintiff was going to strike him.   With this state of facts before
the court the damages were assessed at $500; the defendant appeal-
ing from the judgment.

While it is true that the physical injuries sustained by the plaintiff
are comparatively trivial, we are not disposed to hold, as urged by the
defendant, that the verdict is excessive.   The plaintiff was holding an
important position with the Singer Sewing Machine Company, was
apparently a peaceable, law-abiding citizen, merely asking for his
rights under the rules of the company and the statutes of this state,
and the defendant had no right to permit him to be assaulted, insulted,

and humiliated by its own employés. It is difficult to estimate the damages sustained by one through humiliation, but it may be safely said that few business men, taking the facts into consideration, would say that $500 was adequate compensation for being struck in the face by an employé of the company, and otherwise insulted, threatened, and abused. The plaintiff's nose was made to bleed. He was upon the car in the presence of other passengers. He had to leave the car in the damaged condition in which defendant's servant left him, and we are of the opinion that the evidence amply sustains the judgment.

We have examined the errors alleged to have been made by the trial court in the trial of this action without being persuaded that there is anything justifying reversal of this judgment. The motion to strike out the testimony to the effect that the conductor imitated the voice of the plaintiff in addressing him was made upon the ground that it was immaterial, irrelevant, and incompetent, but upon the appeal counsel urges that the answer was not responsive to the question, and that it gave the conclusion of the witness. Where the objection is urged on specific grounds upon the trial, it is not for this court to consider other grounds upon appeal, and we are of opinion, assuming that the answer might properly have been stricken out on the grounds now urged, that the defendant waived these grounds by stating other grounds for the motion.

The judgment appealed from should be affirmed, with costs.

Judgment of the Municipal Court affirmed, with costs. All concur.