MARY S. BOYCE, Respondent, v. GREELEY SQUARE HOTEL COMPANY, Appellant.

**Tort — innkeepers — unjustifiable and forcible entry of servant of innkeeper into room of female guest of inn and removal of her husband therefrom — measure of damages — injury to feelings of plaintiff and humiliation caused by acts and vile and abusive language of defendant's servant — jury properly instructed that they might award damages therefor.**

1. As a general rule mental suffering resulting from a breach of contract is not a subject of compensation. The rule does not obtain, however, as between a common carrier or an innkeeper and an insulted and abused passenger or guest, or the proprietor of a public resort and a patron publicly ejected.

2. The action is to recover damages for the unjustifiable and forcible entrance of defendant's servant, under conditions adapted to distress and shock her, into the room assigned to and occupied by plaintiff, and the address to her there of vile, insulting and abusive language and

the arrest there and removal of her husband. The jury rendered a verdict in favor of the plaintiff and the consequent judgment was affirmed by the Appellate Division. The allegation of the complaint that the plaintiff suffered pain, shame and anguish permitted, so far as the pleading is concerned, proof of physical pain. The evidence permitted the jury to find that the acts directly caused bodily pains and weakness, hysteria, loss of appetite and insomnia. The jury were instructed that they might in addition award damages for injury to plaintiff's feelings and such personal humiliation as she may have suffered as well as for the pain or physical suffering caused by the acts of defendant. The trial court did not err in its rulings or charge. (*de Wolf* v. *Ford*, 193 N. Y. 397, 406, explained.)

*Boyce* v. *Greeley Square Hotel Co.*, 181 App. Div. 61, affirmed.

(Argued January 27, 1920; decided February 24, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 15, 1918, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Kenneth C. Kirtland* for appellant. Much irrelevant and incompetent evidence on the question of damages was admitted at the trial over objections and exceptions duly taken. (*de Wolf* v. *Ford*, 193 N. Y. 397.) The refusal of the court to charge the jury as requested, upon the law governing the measure of defendant's liability herein, was prejudicial error requiring a reversal of the judgment. (*de Wolf* v. *Ford*, 193 N. Y. 397.)

*D-Cady Herrick* and *Benjamin Patterson* for respondent. The physical consequences of injuries to the feelings and personal humiliation suffered are recoverable. (*Gillespie* v. *B. H. Ry. Co.*, 178 N. Y. 347; *Texas Pacific Co.* v. *James*, 82 Tex. 306; *Weed* v. *Panama Ry. Co.*, 17 N. Y. 362; *O'Rourke* v. *Cunard S. S. Co.*, 169 App. Div. 943.) There was no error in admitting evidence of the pain, distress of mind and ensuing sickness suffered by the

respondent as the result of her treatment when a guest of the appellant. Neither was there error in the refusal of the court to charge that damages could include only injuries to the feeling and personal humiliation suffered by the respondent. (*de Wolf* v. *Ford,* 193 N. Y. 397; *Foster* v. *Crooker Co.,* 142 App. Div. 268; *Rudomin* v. *Interurban Ry. Co.,* 111 App. Div. 548; *Roenbeck* v. *Brooklyn Heights Ry. Co.,* 123 App. Div. 606; *Ehrgott* v. *Mayor, etc., of N. Y.,* 96 N. Y. 264.)

COLLIN, J. The action is to recover the damages resulting to the plaintiff by reason of the breach by the defendant (a domestic corporation) of its obligations to her as a guest at its hotel. The breach consisted of the unjustifiable and forcible entrance of defendant's servant, under conditions adapted to distress and shock her, into the room assigned to and occupied by her and the address to her there of vile, insulting and abusive language and the arrest there and removal of her husband. The jury rendered a verdict in favor of the plaintiff and the consequent judgment was affirmed by the Appellate Division. The defendant urges upon us as errors compelling reversal rulings of the trial justice.

Upon the trial the plaintiff introduced as a part of her case testimony descriptive of the change in her physical condition involving bodily suffering arising immediately after the wrongful acts of the defendant. The testimony tended to prove that physical weakness and pains and a loss of appetite and sleep immediately ensued. The defendant objected and duly excepted to the introduction of the testimony upon the grounds, which it puts forward here, that the defendant was liable only for such injury to her feelings and such humiliation as she may have suffered, and testimony tending to prove accompanying or consequent physical pain or illness was incompetent and irrelevant. It excepted also to the parts of the charge to the jury which permitted them to award com-

pensatory damages for physical pain or illness and to the refusal of the trial justice of the requests of the defendant as follows: " I further ask your Honor to charge if this jury should find that the defendant is at all liable to the plaintiff in this case, then the measure of defendant's liability, if any, will be purely compensatory and not punitive, that plaintiff's right to recover is confined to such injury to her feelings and to such personal humiliation as she may have suffered and to nothing else.  The Court: I would not charge quite in that form because there has been here evidence of physical pain, and your request does not embrace that.  Mr. Kirtland (defendant's counsel): I except, if your Honor please.  The Court: If you put in physical pain as well, then I will charge as requested.  Mr. Kirtland: I further ask your Honor to charge any other injury except injury to her feelings and such personal humiliation as she may have suffered should be enforced in another action.  The Court: I decline to so charge.  Mr. Kirtland: Exception."

The defendant does not question, under the facts of this case, the conclusions: The acts of the servant were violative of its obligation to refrain and to use reasonable care that its servant refrained from unreasonably interfering with the privacy of the plaintiff in the room assigned to her and from abusing or insulting her or indulging in any conduct or speech that might necessarily bring upon her physical discomfort or distress of mind. (*de Wolf* v. *Ford*, 193 N. Y. 397; *Lehnen* v. *Hines & Co.*, 88 Kans. 58; *Florence Hotel Co.* v. *Bumpas*, 194 Ala. 69; *Clancy* v. *Barker*, 131 Fed. Rep. 161.)   The defendant is liable for the acts of the servant.   The rule of *respondeat superior* is applicable.   A master is civilly liable for all acts done by his servant in the prosecution of the business of the master intrusted to him.   The plaintiff is entitled to a sum which shall compensate her for her damages caused by the unlawful acts.

The defendant clings to the theory adopted by it at the trial and stated in the requests to charge we have quoted. Its inspiration and authority are the declaration in *de Wolf* v. *Ford* (193 N. Y. 397, 406): " The measure of liability, if any, will be purely compensatory and not punitive, the plaintiff's right to recover being confined to such injury to her feelings and such personal humiliation as she may have suffered. (*Gillespie* v. *Brooklyn Heights R. R. Co.*, 178 N. Y. 347.) That is the extent to which the defendant's liability may fairly be said to spring from their breach of duty. Any remedy beyond that which the plaintiff may seek to assert must be invoked in a different form of action. The gravamen of the action at bar is not the alleged slanderous defamation of the plaintiff, but the defendant's breach of the duty which it owed to the plaintiff and the injury which was directly caused thereby." The declaration, of course, related to the facts of the case in which it was made and which was being decided. In the *de Wolf* case no evidence was taken, inasmuch as the trial justice at the opening of the trial dismissed the complaint upon the pleadings. There was neither allegation nor proof of physical injury. The Appellate Division affirmed the judgment of the trial court upon the ground that the gravamen of the action was the slandering of the plaintiff. (*de Wolf* v. *Ford*, 119 App. Div. 808.) Our declaration was commensurate with the claim of the plaintiff as pleaded, and a purpose of it was to exclude upon the new trial granted the awarding of exemplary damages or damages for the injury to the character of the plaintiff.

In the instant case the plaintiff asserted the injury of bodily pain. It is not necessary to determine with exact discrimination and accuracy whether the right of action in the case at bar is based upon a violation of a contract between the parties created through implication of the law or upon the infraction of an obligation or duty imposed by the law upon the defendant. The plaintiff

was entitled to recover, upon the evidence in her behalf, upon the theory of a tort or a breach of contract by the defendant. (*Gillespie* v. *Brooklyn Heights R. R. Co.*, 178 N. Y. 347.) Frequently a given state of facts will sustain either theory. (*Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382, 390; *Busch* v. *Interborough R. T. Co.*, 187 N. Y. 388.) As a general rule, mental suffering resulting from a breach of contract is not a subject of compensation. The rule does not obtain, however, as between a common carrier or an innkeeper and an insulted and abused passenger or guest, or the proprietor of a public resort and a patron publicly ejected. (*Aaron* v. *Ward*, 203 N. Y. 351.) In the case here the acts of the defendant were wrongful and violative of the duty imposed by law. They were committed in virtue of a deliberate intent and design and were willful and not merely negligent. A willful injury means intentionally doing the act which is calculated or adapted to cause the injury, with design to inflict injury or with disregard of the natural consequences of the act. The willful injury is in law malicious, although no malevolent purpose to cause it nor any motive of spite is imputed. " Whatever is done willfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation malicious." (*Wills* v. *Noyes*, 12 Pick. 324.) The plaintiff in recovering her damages was entitled to the sum which would compensate her for the injuries received by her which were the direct effects of those wrongful acts. Those injuries were direct which the acts of the defendant, unmingled or unsupplemented by an intervening cause independent of those acts, effected. It is immaterial whether or not they resulted directly from those acts or through a chain of causes springing exclusively from them.

The allegation of the complaint that the plaintiff suffered pain, shame and anguish permitted, so far as the pleading is concerned, proof of physical pain. The

counsel of the defendant did not in his oral argument assert the contrary and in his brief states: " The foregoing objections and exceptions (to the evidence) were taken upon the ground that the evidence offered was incompetent under the rule of damages herein as laid down by this court in *de Wolf* v. *Ford.*" The evidence permitted the jury to find that the acts directly caused bodily pains and weakness, hysteria, loss of appetite and insomnia. It certainly cannot be held that the accusations and acts of the servant of the defendant were incapable, as a matter of law, of effecting those results. The jury were instructed they might not award damages for the pain or physical suffering unless caused by the acts. The trial court did not err in its rulings or charge. It is a rule in actions for negligence that it must be generally left to the jury to determine under the evidence the natural, proximate and fairly to be apprehended consequences of the negligence. It is likewise a rule that in actions for acts tortious in character it must be generally left to the jury to determine under the evidence the direct consequences of the acts. In virtue of the evidence and the verdict of the jury, the bodily or physical pain and ills were the effects of the causes which produced the injury to the plaintiff's feelings and her personal humiliation, or of such injury. The injury to her feelings and her mental distress and anguish, at least, flowed directly and naturally from the wrongs committed by the defendant. The physical ills, which were caused by the wrongs or were the direct effects of the mental distress and anguish, were likewise sources of damage for which the defendant must compensate the plaintiff. They were in a direct and uninterfered with line of causation. They were no more indirect than they would have been had they resulted from physical exposure and excessive effort in departing from the hotel under a wrongful expulsion by the defendant. Abnormal, unnatural and excessive mental operations may, as well

as physical operations, cause bodily suffering and sickness. (*Garrison* v. *Sun Printing & Publishing Assn.*, 207 N. Y. 1; *Williams* v. *Vanderbilt*, 28 N. Y. 217; *Wilkinson* v. *Downton*, 1897, 2 Q. B. D. 57; *Sloane* v. *Southern California Ry. Co.*, 111 Cal. 668; *Austro-American S. S. Co.* v. *Thomas*, 248 Fed. Rep. 231; *Engle* v. *Simmons*, 148 Ala. 92; *Bleecker* v. *Colorado & S. R. R. Co.*, 50 Colo. 140; *Knoxville Traction Co.* v. *Lane*, 103 Tenn. 376; *Brown* v. *Chicago, Mil. & St. P. Ry. Co.*, 54 Wis. 342; *Mann Boudoir Car Co.* v. *Dupre*, 54 Fed. Rep. 646; *Southern Ry. Co.* v. *Daughdrill*, 11 Ga. App. 603; *Ingraham* v. *Pullman Co.*, 190 Mass. 33.) The other claims of the defendant disclose no reason for reversing the judgment and a discussion of them we deem unnecessary.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, POUND, CRANE and ANDREWS, JJ., concur; CARDOZO, J., concurs in result.

Judgment affirmed.