In the Matter of FRANCES O'LEAR, as Administratrix of the Estate of STEPHEN O'LEAR, Deceased, Plaintiff, against CITY OF YONKERS, Defendant.

Supreme Court, Special Term, Westchester County, March 19, 1947.

*Harold T. Arbiter* for plaintiff.

*John J. O'Connor* for defendant.

SCHMIDT, J.   The plaintiff's intestate was injured as the result of the alleged negligence of the defendant.   A timely notice of claim for damages for injuries was filed on March 28, 1946, thus giving the City an opportunity to investigate the matter within the sixty days allowed by the statute.

Thereafter on October 18, 1946, the intestate claimant died. Plaintiff's attorney instituted action for damages for the personal injuries and for wrongful death on February 4, 1947, and omitted to file a notice of claim for the wrongful death. He now is met with the contention that the original claim, which did not include any demand for damages for death, since it had not occurred, is insufficient as a basis for the pending action.   The plaintiff's attorney alleges that he did not file a second notice of claim because he believed the original one was sufficient.

It does not appear that the city was injured in any way or hampered in its investigation because the original claim set forth all the details of the accident.   In the trial of this case the only additional facts to be proved will be those showing the causal connection of the death and the accident, which will largely be medical testimony, and of course the additional damage sustained by reason of the death.   The provisions of subdivision 6 of section 50-e of the General Municipal Law cover the matter of mistakes or omissions in claims as filed and reads as follows:   "6.   Before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. Application for such relief shall be made before trial by motion, on affidavits."

Under authority of this provision a " mistake, omission, irregularity or defect made in good faith " may be corrected or supplied. The claim may therefore be corrected to show the death resulting from the accident and the increased damages claimed.

Any other disposition would work a hardship on a claimant who could not be expected to know that death would ensue after the timely service of the notice of claim. The amended notice of claim shall be filed ten days after the signing of the order to be entered hereon.

Submit order on two days' notice.