Mabic A. CosTANTirro, J.
In this action for personal injuries plaintiff moves to amend her notice of claim nunc pro tunc to set forth new injuries sustained by her subsequent to the filing of the notice of claim and to increase the demand for money damages.
It is undisputed that the notice of claim for the original injuries sustained by the plaintiff resulting from the accident which occurred on August 8, 1958 was properly served and within the statutory period. It is alleged in this application that in December, 1958 plaintiff, who had originally sustained a fracture of her right leg, amongst other injuries, in attempting *832 to open a window in her apartment and because of the pain and inability to stand properly or put any weight on her leg, fell out of the window sustaining severe injuries, for which she now moves for the present relief. The application is opposed by the defendant on the grounds (1) that there is no provision in the statute for service of a nunc pro tunc amendment, (2) disability is not the reason why the new claim was not served in time, and (3) the application is in effect a motion for leave to file a late notice of claim.
With these contentions the court is not in accord. While it is true that a nunc pro tunc order cannot be granted to allow proof to be filed nunc pro tunc as of a time when the event had not taken place, or record a fact as of a prior date when the fact did not then exist (Soemann v. Carr, 8 A D 2d 498), the court will consider the present application as one to amend the original notice of claim and not as of the original date.
It has repeatedly been held that a tort-feasor is liable for the direct and proximate results of his wrong even though they were not foreseeable and if any injuries are sustained or flow from the original injury, the tort-feasor may be held liable for the entire damages sustained. As the court stated in Matter of Dickerson v. Essex County (2 AD 2d 517, 518): “ But, regardless of the precise manner in which the fall was caused, the board was amply justified in finding that the fall was a natural consequence of the original injury.” In Rasa v. City of New York (95 N. Y. S. 2d 291, 292, mod. on other grounds 277 App. Div. 780) which is analogous to the instant situation, except instead of moving to amend the notice of claim plaintiff served a supplemental bill of particulars setting forth the injuries of a second fall sustained after the notice of claim was filed, the court stated in assuming the factual premise correct, “ If so, the defendant tort feasor must answer for any enhancement or aggravation of the injury occasioned by, or a physical impairment due to, the original tort.” The court further stated, “ It is significant that plaintiff does not here make a claim that there was negligence on the part of the defendant with respect to the happening of the second injury. The claim is that but for the first tort, the second injury would not have occurred, and that the debility of the plaintiff, caused by the first tort, was the producing cause ”. The court further held that there was no obligation on the part of the plaintiff to give the city additional notice or submit to an additional examination.
In Holmes v. City of New York (269 App. Div. 95, affd. 295 N. Y. 615), where the decedent had served a timely notice of *833 her claim for personal injury and who died after judgment, had been reversed, it was held that the plaintiff could amend the complaint so as to include an action for the decedent’s death which had resulted from the injury and that no further notice was necessary; that the death action did not create a new cause of action, but merely a new element of liability stemming from the original cause of action. (See, also, Matter of O’Lear v. City of Yonkers, 189 Misc. 115.)
The question whether the second fall was the natural and proximate consequence of the original act must be left for the determination of the jury. (Boyce v. Greeley Square Hotel Co., 228 N. Y. 106.)
The court believes that it is in the interest of justice to grant the plaintiff the right to amend her notice of claim, however on condition that the plaintiff submit to a further examination if the defendant so desires.
Settle order on notice.