Memobandtjm. In this small claims action, plaintiff seeks to cast defendant travel agency into damages for reservations that went awry. Since it is undisputed that the travel agency had utilized the services of a wholesaler who had put together a ‘ * package tour, ’ ’ defendant contends on this appeal that the wholesaler alone is liable for any default in performance.
Allocation of responsibility in the case before us should proceed upon the .principles of .agency law. In our opinion, where, as here, there is no proof of an independent relationship between *334 the retail travel agent and the wholesaler, the travel agent should he considered .the agent of the customer. (See Antar v. Trans World Airlines, 66 Misc 2d 98, affd. 37 A D 2d 921.) If, in using a wholesaler to make the travel arrangements, the travel agent acts with the consent, express or implied, of the principal-customer, then, if reasonable diligence has been used in its selection, the travel agent will not ¡be responsible f:or any dereliction of duty on the part of the wholesaler. (See National S. S. Co. v. Sheahan, 122 N. Y. 461; 2 N. Y. Jun, Agency, § 153.) If, on the other hand, the travel agent acts without such consent, he will be responsible to the customer for any damage sustained as a result of the acts of the wholesaler. (See 2 N. Y. Jur., Agency, § 156.)
The court below, in applying these principles, found that the plaintiff did not consent to the employment of the wholesaler. Although its opinion did not so state, the record indicates that the court also declined to hold that knowledge of the practice of employing wholesalers should be imputed to the plaintiff. (Of. 2 1ST. Y. Jur., Agency, § 161.). We see no reason to disturb this determination. The record supports a finding that plaintiff was not informed of the existence of the wholesaler until after the reservations were agreed upon and it cannot be said that knowledge of this practice is so pervasive among the public as to compel a finding of implied consent. (Cf. Unger v. Travel Arrangements, 25 A D 2d 40, 48.)
We find no merit in defendant’s remaining contention.
'Concur: Hogan P. J., Farley and ¡Gagliardi, JJ.
Judgment affirmed, without costs.