Lawrence Newmark, J.
In this action the plaintiff arranged for return limousine service from the airport in connection with airline tickets that she purchased from the defendant. In evidence is the receipt or voucher issued by the *1050 defendant for the services. The plaintiffs plane arrived approximately three hours late and in accordance with the instructions given to the plaintiff by the defendant she telephoned the limousine service but was unable to make contact for she received no answer. After several further attempts to reach the limousine service plaintiff attempted to make comparable arrangements but found that there was no limousine service functioning at that hour and was compelled to take a taxi at a charge of $45.
Defendant disclaims responsibility and explained that it sold the services, issued the voucher and notified the limousine service that the transaction had been made and would subsequently be billed for the service.
Keeping in mind defendant’s acknowledgment that it is not unusual for aircraft to be three hours late, the obvious question is whether the travel agent should be held liable for the failure to furnish limousine service. That ultimate answer must, in turn, be premised on the nature of the relationship between a travel agency and its clients.
What little attention that relationship has received in reported decisions highlights the uncertainty of courts in dealing with this area. For example, in Dorkin v American Express Co. (74 Misc 2d 673, affd 43 AD2d 877) the court concluded that the true status of a travel agent is that of a disclosed principal. (See Merritt, Package Holidays, 116 Solicitors J 404, 405.) Another court has taken a different view: "Obviously the travel agent is an agent, but the question comes, whose agent?” (Bucholtz v Sirotkin Travel, 74 Misc 2d 180, affd 80 Misc 2d 333.)
The possible bases for the liability of the travel agent to a traveler have been summarized as follows: "The legal responsibility of travel agents to the clients whom they service may be based on one or more of three bodies of legal principles: negligence, agency, or contract. The law of negligence will supply the minimum legal duty of the travel agent no matter what his legal status is said to be. The remainder will hinge on a determination of his legal status vis-a-vis the other participants in the scheme of travel distribution.” (Wohlmuth, The Liability of Travel Agents: A Study in the Selection of Appropriate Legal Principles, 40 Temp L Q 29, 33 [hereinafter cited as Wohlmuth].)
Since active negligence on the part of the defendant has *1051 been neither alleged nor proved it is not necessary to discuss standard of care demanded of a travel agent.
"An agent is a person authorized by another to act on his account or under his control. An agent is one who acts for or in the place of another by authority from him. He is one who, by the authority of another, undertakes to transact some business or manage some affairs on account of such other.” (2 NY Jur, Agency, pp 194-195.) Although the client of the travel agent seldom exercises control over the specifics of the arrangements necessary to accomplish his travel goals he has the right as part of the relationship to be specific as to the most minute elements of the travel arrangements should he choose to do so. Also, "there is not the slightest indication that an express agreement creating agency is ever entered into between travel agent and client. They do not generally address themselves to the matter * * * and whatever relationship exists between them appears to be either assumed by the parties to exist or never enters their minds at all.” (Wohlmuth, supra, p 42.) Nevertheless, this court is constrained to follow the holding of Bucholtz (supra) that a travel agency is the agent of the traveler.
The determination that the defendant acted as plaintiff’s agent is not inconsistent with the view expressed in Dorkin (supra) that the travel agent is a disclosed principal vis-á-vis the hotels and carriers he deals with and that the latter should be considered independent contractors in relation to the former. The limousine service cannot be considered a subagent of defendant since no delegation of the responsibility assumed by the travel agent took place.
An independent contractor is "one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of the work”. (Hogan v Comac Sales, 245 App Div 216, 221 [dissenting opn], affd 271 NY 562.)
Such was the relationship between this defendant and the limousine service retained by it to transport the plaintiff from the airport to her residence upon the latter’s return. The travel agent was only interested in accomplishing this result and presumably had no control over the manner of its accomplishment by the limousine service.
In general, an employer or principal is not liable for damages caused by an independent contractor. (Schwartz v Merola *1052 Bros. Constr. Corp., 290 NY 145.) There exist, however, at least six recognized exceptions to this exemption: "Thus, it can be said, the hirer or principal remains liable (1) where the thing contracted to be done is unlawful, (2) where the acts performed create a public nuisance, (3) where a duty is imposed by statute or ordinance, (4) where the hirer is under a nondelegable duty to perform the services promised, (5) where the work to be performed is inherently dangerous and (6) where the principal or hirer assumes a specific duty by contract.” (Dorkin, 74 Misc 2d 673, supra.)
Exception (6) is applicable to the case at bar. "[W]hen the client asks the travel agent to secure reservations for him he is making an offer for a bilateral contract to the travel agent which is accepted by the latter when he agrees to try to secure the reservations requested.” (Wohlmuth, supra, p 46.) Here the defendant arranged for the transportation of the plaintiff and issued a confirmation form which was represented to entitle plaintiff to the transportation she desired. The court finds the defendant liable for the failure of the promised performance.
Judgment in favor of plaintiff in the amount of $45.