# SECOND DEPARTMENT, DECEMBER, 1981

## (December 7, 1981)

■ ACTION SKI TOURS, INC., et al., Appellants, v TRAILWAYS, INC., Defendant, and CAPITOL INTERNATIONAL AIRWAYS, INC., et al., Respondents. — In an action, *inter alia,* to recover damages for breach of contract, plaintiffs appeal

from an order of the Supreme Court, Nassau County (Derounian, J.), dated June 19, 1980, that granted the motion of defendants Capitol International Airways, Inc., and F & M Custom Travel, Inc., for summary judgment and dismissed the complaint as against them. Order modified, on the law, (1) by deleting the provision granting summary judgment to defendant F & M Custom Travel, Inc., as against plaintiff Action Ski Tours, Inc., and substituting therefor a provision denying said defendant summary judgment as against said plaintiff, and (2) by adding to the second decretal paragraph, after the words "Trailways, Inc.", the following: "and as between plaintiff Action Ski Tours, Inc. and defendant F & M Custom Travel, Inc." As so modified, order affirmed, without costs or disbursements. Plaintiff Action Ski Tours, Inc. (Ski Tours) organized and arranged a ski tour for 80 persons for the week of February 17, 1979 to February 24, 1979. In furtherance of the tour, it contracted with defendant F & M Custom Travel, Inc. (F & M) for round trip air transportation between New York and Denver for the tour group, and contracted with defendant Trailways, Inc., for bus transportation to and from the Denver airport and the ski resort area. F & M provided the air transportation through defendant Capitol International Airways, Inc. (Capitol). F & M and Capitol had a charter agreement whereby F & M chartered an entire airplane (252 seats) for nine round trip flights during the skiing season. Plaintiffs commenced this action after their tour group missed the return flight from Denver, allegedly because of bus transportation difficulties. The complaint alleges, *inter alia,* that since Capitol had been notified by plaintiffs that the tour group would be delayed because of bus problems, Capitol breached its contract in failing to hold the plane and/or to assist in obtaining substitute air transportation. As against F & M, plaintiffs seek a refund of the full contract price of the airfare since the return transportation was not provided as agreed upon, and they claim that F & M was responsible for the acts and omissions of defendant Capitol, which conduct had, *inter alia,* caused Ski Tours to expend substantial sums of money to obtain substitute air transportation. After filing separate answers, defendants Capitol and F & M jointly moved to dismiss the complaint for failure to state a cause of action or for summary judgment. Special Term granted summary judgment to both Capitol and F & M. We believe the order should be modified by reversing the grant of summary judgment to F & M as against plaintiff Ski Tours. F & M did not, in the first instance, present evidentiary facts sufficient to overcome Ski Tours' allegations that F & M breached its agreement with Ski Tours in failing to provide return air transportation from Denver in accordance with the contract between these parties. In support of the motion, Capitol and F & M submitted their attorney's affidavit, the affidavit of Capitol's regional sales manager, Thomas Ahern, an agreement between F & M and Capitol, and the agreement between Ski Tours and F & M, denominated by F & M as "our contract confirmation". Even assuming that the affidavit of the attorney has any probative value, contrary to the general rule respecting attorneys' affidavits on a motion for summary judgment (see *Di Sabato v Soffes,* 9 AD2d 297), the attorney's affidavit offers no evidentiary facts. It states only that "plaintiffs merely allege * * * that F & M agreed to provide air transportation from New York to Denver and back" and concludes that the causes of action are "insufficient on their face" and, "[f]urthermore, by virtue of all the facts and circumstances, as [described] in the affidavit of Mr. Ahern, and the documentary evidence, the contract between F & M and plaintiff, plaintiff's causes of action against F & M are lacking in merit." Ahern's affidavit similarly fails to set forth any evidentiary facts to disprove Ski Tours' allegations respecting the contract. Defendant F & M's papers do not establish, therefore, that, prima

facie, the contract between Ski Tours and F & M to provide air transportation was not breached. F & M's papers were insufficient to entitle it to summary judgment against Ski Tours (cf. *Indig v Finkelstein,* 23 NY2d 728). There are triable issues as to what Ski Tours and F & M intended by their agreement and whether there has been a breach. Plaintiff Faitell's claim for damages for emotional trauma, however, does not state a cause of action and was properly dismissed. Summary judgment in favor of Capitol was properly granted. No contract existed between plaintiffs and Capitol. Its evidence that it performed its obligations (pursuant to its contract with F & M) by making the return flight is not rebutted and no triable issue is raised by plaintiffs' assertion of a duty owed by Capitol to the tour passengers that impliedly inured to plaintiffs' benefit. The passengers are not seeking redress, as occurred in *Bucholtz v Sirotkin Travel* (74 Misc 2d 180, affd 80 Misc 2d 333), and *Ostrander v Billie Holm's Vil. Travel* (87 Misc 2d 1049). Lazer, J. P., Rabin, Cohalan and Margett, JJ., concur.