**Godfrey B. LUMAUIG, Plaintiff,**

v.

**PHILIPPINE AIRLINES, Defendant.**

No. 84 Civ. 8429.

United States District Court,
S.D. New York.

Dec. 2, 1985.

Billy Cris D. Vidal, Goodwin Reyes Valdez, P.C., New York City, for plaintiff.

Edward C. Dial, Condon & Forsyth, New York City, for defendant.

MEMORANDUM DECISION

WALKER, District Judge.

Plaintiff brings this action alleging that Philippine Airlines ("PAL") sold him a $350 tour package to Hong Kong including airfare and three nights in a hotel and then failed to book the hotel accomodations. The complaint alleges that when the plaintiff arrived in Hong Kong he was properly met and driven to the Lee Gardens Hotel where he "was surprised to find out that no reservation was made under his name contrary to the agreement entered into between Godfrey B. Lumauig and defendant Philippine Airlines." There is no allegation that the plaintiff was in any way abused or treated discourteously by the hotel, PAL or any other person. There is a statement in defendant's brief, which the court is not considering in deciding this motion, that

plaintiff spent one night in the hotel at his own expense and the other two nights at the home of a friend.

The complaint contains two counts. The first seeks $3,000 in out-of-pocket expenses arising out of PAL's failure to provide hotel reservations as provided by contract. The second claim seeks $50,000 to compensate plaintiff for the mental distress suffered as a result of PAL's breach of contract. The defendant stipulates that hotel reservations were not made for the plaintiff but maintains that plaintiff's second count fails to state a cause of action upon which relief may be granted.

Defendant's motion to dismiss plaintiff's claim for mental distress is granted.

When considering dismissal of a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court is required to construe the complaint in the light most favorable to the plaintiff. Indeed, "[f]or the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). The complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The general rule in New York is that no right of recovery exists for mental distress resulting from a breach of contract. *Wehringer v. Standard Security Life Ins. Co.*, 57 N.Y.2d 757, 454 N.Y.S.2d 984, 440 N.E.2d 1331 (1982); *Fleming v. Allstate Ins. Co.*, 106 A.D.2d 426, 482 N.Y.S.2d 519 (2d Dep't 1984). *See also Mon-Shore Management, Inc. v. Family, Media, Inc.*, 584 F.Supp. 186, 195 (S.D.N.Y.1984).

An exception to the general rule has been recognized by the New York courts where the contract has established a fiduciary relationship, such as that between innkeepers and guest and common carrier and passenger, and where some additional tortious activity has occurred. In such cases, recovery for emotional distress upon an alleged breach of contract has been allowed. *Boyce v. Greeley Square Hotel*, 228 N.Y. 106, 111, 126 N.E. 647, 649 (1920); *Aaron v. Ward*, 203 N.Y. 351, 96 N.E. 736 (1911); *Coorman v. Brooklyn Heights Railroad Co.*, 127 A.D. 315, 111 N.Y.S. 531 (1908); *Gillespie v. Brooklyn Heights Railroad Co.*, 178 N.Y. 347, 70 N.E. 857 (1904); *Rich v. New York Central Hudson River Railroad Co.*, 87 N.Y. 382, 395 (1882). *See also Tobin v. Slutsky*, 506 F.2d 1097, 1100 (2d Cir.1974) noting New York's recognition of fiduciary obligations of innkeepers and carriers.

In *Boyce, supra*, "an employee of the defendant, a house detective, broke into a hotel room and wrongfully accused a husband and wife of engaging in prostitution. The court stated:

> The plaintiff was entitled to recover, upon the evidence in her behalf, upon the theory of a tort or a breach of contract by the defendant.... As a general rule, mental suffering resulting from a breach of contract is not a subject of compensation. The rule does not obtain, however, as between a common carrier or an innkeeper and an insulted and abused passenger or guest, or the proprietor of a public resort and a patron publicly ejected. *Id.* 228 N.Y. at 110–111, 126 N.E. at 649.

At the core of the line of cases starting with *Rich, supra*, is the idea that where the contract creates a relationship of trust and confidence between the parties in addition to the agreement expressed by the instrument itself, a breach of the contract may be established as a tort, but before there can be emotional distress damages there must be a duty arising from the special relationship. As the court stated in *Rich, supra*, "unless the contract creates a relation, out of which relation springs a duty, independent of the mere contract obligation, though there may be a breach of the contract, there is no duty to be violated." *Rich, supra* at 395.

It should be pointed out that a few lower courts in New York have sought to expand

liability by granting compensation for emotional distress based on the existence of a perceived fiduciary relationship between a travel agent and its client without requiring a showing of added tortious conduct. *Bucholtz v. Sirotkin Travel, Ltd.,* 80 Misc.2d 333, 363 N.Y.S.2d 415 (1973); *Ostrander v. Billie Holm's Village Travel,* 87 Misc.2d 1049, 386 N.Y.S.2d 597 (1976).

While the question is not free from doubt, this court, now being asked to construe the law of New York, is of the view that in this case as it has been alleged a New York court would hold that the plaintiff would be unable to recover damages for emotional distress. In agreeing to book plaintiff's hotel reservations, PAL was acting neither as an innkeeper nor as a common carrier out of which a special duty could be held to have arisen. The defendant merely contracted to make hotel reservations for the plaintiff which contract defendant allegedly failed to perform. Moreover, even if there had been a special duty, there is no allegation of additional tortious or abusive conduct. There is no allegation that plaintiff's transportation to Hong Kong by the defendant was in any way flawed, nor is there any allegation that the Lee Gardens Hotel abused plaintiff or that it was even under defendant's control. Accordingly, this court holds that on the complaint as alleged a New York court would not permit plaintiff to recover damages for emotional distress.

Admittedly, the lower court decisions in *Bucholtz, supra* and *Ostrander, supra,* permitting recovery of emotional stress by a traveller against a travel agent for failure to book hotel rooms, if adhered to by the New York Court of Appeals and assuming that the defendant was found to have acted in the role of travel agent, would perhaps require a different result.

However, the New York Court of Appeals has never adopted the holding in *Bucholtz* nor has it recognized the *Bucholtz* holding as among the exceptions to the general rule disallowing damages for emotional distress in breach of contract cases. It is noteworthy that in *Wehringer, supra,*

decided nine years after *Bucholtz,* there is no mention of that case among the cases cited as setting forth exceptions to the general rule. There is no persuasive reason, and none is advanced in *Bucholtz,* why the purely contractual relationship between a travel agent and its customer, without more, should warrant expanded liability. In the absence of any New York or Second Circuit appellate decisions on the point, this court declines to follow *Bucholtz.*

Plaintiff's claim for $50,000 for emotional and mental damages is dismissed.

So Ordered.