OPINION OF THE COURT
Lothar E. Nachman, J.
This is an action in Small Claims Court, by plaintiff against defendant, a travel agency, for the sum of $472.85 expended by plaintiff as the result of the refusal of General Rent A Car, Howard Johnson’s Fountain Park, and Sea World to honor Eastern Airlines "Vacation Vouchers” due to the bankruptcy of Eastern Airlines.
*674 Trial held at Small Claims Court, Village of Tuckahoe, on May 4,1989. 0
FACTS
Some time in February of 1989, plaintiff arranged for a Florida vacation package deal with the defendant.
Plaintiffs uncontróverted testimony indicated that no specific request was made, other than the expression of a preference to fly Delta Air Lines, but that the selection of the package was left to the travel agent. The plans were worked out by the travel agent who selected an Eastern Airlines package from a brochure which was never shown to the plaintiff, although plaintiff was told that he (and his sister) were booked on Eastern. On February 15, 1989, plaintiff paid to the defendant the sum of $1,312 for the package.
Defendant testified that payment for the package was made to A.R.C. (Airline Reporting Corporation), a clearinghouse through which remittances are made by agents to airlines.
Aware of the problems of Eastern and the ensuing strikes against the airline, plaintiffs sister contacted the travel agent on several occasions, expressing uneasiness with being booked with Eastern and requested that the arrangements be made with another airline. She was reassured that flights could be changed and that the "Vacation Vouchers” would be honored.
Upon plaintiffs arrival in Florida, with a flight by another airline arranged by the travel agent following the bankruptcy of Eastern Airlines on March 9, 1989, the providers of the contract bookings refused to honor the vouchers issued by Eastern to the plaintiff.
OPINION
From the evidence adduced at the trial it is held that defendant acted as plaintiffs agent for the purpose of arranging a package deal. "It is the duty of an agent to obey all reasonable instructions and directions in regard to the manner of performing a service that he has contracted to perform and to adhere faithfully to them in all cases where they ought properly to be applied and in which they can be obeyed by the exercise of reasonable and diligent care. If the agent violates the proper instructions of his principal, he renders himself *675 responsible to his principal for all loss or damage which naturally results from his acts”. (2 NY Jur, Agency, § 191.)
Judgment for plaintiff in the amount of $472.85.
Plaintiff is directed to return the unused vouchers to the defendant and to execute any documents which may be necessary to enable defendant to make a possible recovery.