OPINION OF THE COURT
Madonna Stahl, J.
Plaintiff brings this motion for summary judgment claiming *614 damages for breach of contract for defendant’s failure to provide travel services. Defendant cross-moves for summary judgment claiming (1) that plaintiff sued the wrong party and (2) that plaintiff has failed to state a cause of action.
On November 25, 1988 plaintiff spoke to Glen Pence, the president of Delmar Travel Bureau, Inc., who arranged a 10-day vacation to St. Thomas for the plaintiff. Plaintiff was advised that arrangements were being made through Flyfaire, Inc. for a package deal which included air and land arrangements.
At that time, plaintiff paid $500 to "Delmar Travel” as a deposit and on February 23, 1989 paid the balance of $3,656.38, also to Delmar Travel. Both checks were cashed by "Delmar Travel Bureau”. The entire proceeds of $4,156.38 were immediately submitted by defendant to Flyfaire, Inc., of which $415.24 was later returned to defendant by the Airlines Reporting Corp. as a commission. Vouchers were issued to plaintiff on the same day.
Plaintiff was scheduled to depart on March 20, 1989. On March 19, 1989, immediately after defendant received notice that Flyfaire, Inc., was bankrupt, Mr. Pence notified plaintiff of the bankruptcy and explained that he did not have the accommodations or transfers for the period in question but that the airline tickets were still usable. Plaintiff chose to continue with her vacation plans by using the airline tickets provided by defendant and paying an additional $3,753 for the same hotel accommodations.
First, there is no proof that Glen Pence acted in an individual capacity with respect to this plaintiff. The action against him personally is therefore dismissed. However, the corporate defendant has been sufficiently identified and given an opportunity to defend itself (City of Mount Vernon v Best Dev. Co., 268 NY 327). The caption of the case is, therefore, amended, nunc pro tune, to read "Murle Spiro v. Delmar Travel Bureau, Inc. a/k/a Delmar Travel Bureau”.
Next, is a travel agent who accepts money directly from a traveler to purchase accommodations liable to the traveler when the wholesaler fails to provide accommodations ordered and paid for by the travel agent?
What is the status of a travel agent? If an agent, of whom? The consumer or the wholesaler? Or is the travel "agent” actually a principal?
Some courts have held that a travel agent is the agent of *615 the traveler. (Bucholtz v Sirotkin Travel, 74 Misc 2d 180, affd 80 Misc 2d 333; Fix v Travel Help, 143 Misc 2d 673.)
Other courts have held that a travel agent is an agent for the wholesaler or provider of services. (Rappa v American Airlines, 87 Misc 2d 759.)
Almost all courts since 1966 have somehow fashioned their decisions upon the theory of agency laid down in Unger v Travel Arrangements (25 AD2d 40 [1st Dept 1966]). As noted, there have been inconsistent results.
Other courts, however, have been hesitant to apply agency principles to transactions involving travel agents. Justice Mahoney, in Dorkin v American Express Co. (74 Misc 2d 673, affd 43 AD2d 877 [3d Dept 1974]), expressed the opinion that a travel agent is a disclosed principal and the supplier is an independent contractor.
If Delmar Travel Bureau was an agent for anyone, it was for Flyfaire, Inc. since it was through Flyfaire, Inc., and not plaintiff, that defendant was paid a commission. An agent usually looks to his principal for compensation. (Friedman v Markman, 11 AD2d 57, 60 [1st Dept 1960].) There is no evidence, however, that defendant herein was subject to any control of any kind by Flyfaire, Inc., except as to the result of his work.
Thus, this court holds that defendant was not an agent in the legal sense, despite the title, but rather an independent contractor. An independent contractor is one who, in exercising an independent employment, contracts with another to do something for him, but is not subject to the control of the other, except as to the result of his work. (2 NY Jur 2d, Agency, § 8, at 475.)
Defendant contracted with plaintiff to provide a package trip to St. Thomas which included air fare, accommodations for 10 days and transfers. Defendant failed to provide the accommodations and transfers and is therefore liable to plaintiff for breach of contract.
An issue as to the amount of damages has been raised by defendant who argues that the amount claimed is unreasonable because plaintiff had originally received a discounted price. Defendant’s argument is misplaced. "In a breach of contract case, the goal of a damage award is to place plaintiff in the position [she] would have been in absent the breach, no worse but no better” (Kenford Co. v County of Erie, 108 AD2d 132, 135).
*616 Plaintiff stayed for the same period of time at the same place with the same accommodations she had expected under her contract with defendant. She paid an additional $3,753 for the privilege and has been damaged in that amount.
Defendant’s cross motion is denied except to the extent that the title of the action is amended and the action dismissed as to Glen Pence, personally.
Plaintiff’s motion for summary judgment for breach of contract is granted in the amount of $3,753, plus interest, costs and disbursements. The motion for attorney’s fees is denied.