WILLIAM CORNELL, Appellant, *v.* GEORGE H. HUBER, Respondent.

*Action against an innkeeper on his common-law, not his statutory, liability.*

A person to whom an innkeeper has refused the privileges of a guest may maintain an action against the innkeeper for the breach of his common-law liability and is not limited to an action for a penalty under the Civil Rights Act (Laws of 1895, chap. 1042).

APPEAL by the plaintiff, William Cornell, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 2d day of July, 1901, upon the decision of the court, rendered after a trial at the Queens County Special Term, sustaining the defendant's demurrer to the plaintiff's complaint.

*J. Wilson Bryant,* for the appellant.

*M. Strassman,* for the respondent.

WOODWARD, J. :

The complaint clearly is an action to recover on the common-law liability of an innkeeper to one who has been refused the privileges of a guest.

The learned Special Term evidently treated it as an action for a penalty under the Civil Rights Act (Laws of 1895, chap. 1042), and disposed of it on the authority of *Lewis* v. *Hitchcock* (10 Fed. Rep. 4).

The common-law liability of an innkeeper, under the circumstances disclosed by this complaint, is fully recognized in *Grinnell* v. *Cook* (3 Hill, 485), and the subject is treated at length in *People* v. *King* (110 N. Y. 418 *et seq.*).

I advise that the interlocutory judgment be reversed, with costs, and that the defendant be allowed twenty days in which to answer.

HIRSCHBERG, P. J., BARTLETT and MILLER, JJ., concurred; HOOKER, J., not voting.

Interlocutory judgment sustaining demurrer reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to answer within twenty days upon payment of costs.