QUALTOP BEVERAGES, INC., Respondent, v. NEW AMSTERDAM CASUALTY CO., Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of the evidence. All concur, except Taylor, J., not voting. (The judgment is for plaintiff in an action under a liability insurance policy. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

CARRIE LEE CARTER, Respondent, v. LORETO TARANTELLI and Others, Appellants.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, on the ground that the second count of the complaint fails to state a cause of action beyond that alleged in the first cause of action. (See Brewster v. Rogers Co., 169 N. Y. 73, 80; 30 Fed. Cases, 999, 1000, Case No. 18,258.) All concur. (The order denies defendants' motion to dismiss the complaint as to the second cause of action. The first cause of action is to recover a penalty for the refusal of defendants to serve plaintiff in a public restaurant because plaintiff was colored. The second cause of action is for damages sustained by plaintiff by reason of her being compelled to leave the restaurant without service.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

In the Matter of the Application of SAMUEL J. FERGUSON, Respondent, for an Order Directing the Delivery to Him of All Books, Papers, etc., Appertaining to the Office of Supervisor of the Town of Annsville, Oneida County, New York. HARRY M. WARD, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and proceeding dismissed, with ten dollars costs. Memorandum: The order appealed from directs that certain books, papers and records, belonging and appertaining to the office of supervisor of the town of Annsville, be delivered by the former supervisor to his successor in office. These are public records which the former supervisor, upon the expiration of his term of office, was required to file in the office of the town clerk. (Town Law, § 29, subds. 4, 10.) All concur. (The order directs respondent Ward to deliver to petitioner the books, records and papers belonging to the office of supervisor and commits him to jail until the compliance with such order.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY COTE, Appellant.— Judgment of conviction affirmed. All concur. (The judgment convicts defendant of the crime of criminal negligence under section 1053-a of the Penal Law.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.