SPENCER ODOM, Plaintiff, *v.* EAST AVENUE CORPORATION, Defendant.

(Three other separate actions against same defendant.)

Supreme Court, Monroe County, April 22, 1942.

*Warren, Shuster, Case & Halsey,* for the plaintiffs.

*Dwyer, Shearer & Dwyer,* for the defendant.

GILBERT, J. These are motions to dismiss the second cause of action in each of the plaintiffs' complaints. The plaintiffs have

each sued the defendant corporation, a hotel corporation, for damages alleged to have been caused by reason of a claimed refusal of the defendant hotel corporation to serve the plaintiffs in the defendant's restaurant. There are four actions and the complaint in each action is identical. Two causes of action are stated in each complaint. The first cause of action is predicated upon an alleged violation of section 40 of the Civil Rights Law of the State of New York and the statutory penalty as provided in section 41 of said law is demanded. The second cause of action is predicated upon the liability of an innkeeper according to common-law principles. The motions are directed to the second cause of action only.

The defendant in each action is the East Avenue Corporation, owner of the Sagamore Hotel in Rochester, N. Y. This corporation operates the named hotel together with a restaurant used in conjunction with the hotel facilities. The plaintiffs each claim that on the 15th day of February, 1941, they stopped at the defendant's hotel and registered in said hotel as guests thereof; that plaintiffs were provided with rooms and sleeping accommodations by the defendant; that thereafter the plaintiffs each went to the dining room owned and operated by the defendant in said hotel and requested that they be served with food in the dining room; that defendant refused and denied to the plaintiffs the service requested solely upon the ground that plaintiffs belonged to the colored or negro race; that the defendant had ample room and accommodations for plaintiffs in its dining room and that plaintiffs were ready and willing to pay for food and refreshments; that plaintiffs were subjected to humiliation, inconvenience and grossly insulted by the defendant in the presence of a number of people by reason of the refusal of the defendant to accommodate them.

The motion to dismiss the second cause of action in each complaint is made upon the ground that it appears upon the face of each complaint that the second cause of action does not state facts sufficient to constitute a cause of action.

In the consideration of the motions the allegations of the complaint must be deemed true. This being the rule applicable, the question to be decided is whether the plaintiffs have a cause of action against the defendant hotel for refusing to serve them in the dining room of the hotel for the reason that they were members of the colored race and consequently humiliating the plaintiffs, and this to be considered in light of the fact that the relationship of innkeeper and guest was obtained.

The plaintiffs maintain that the second cause of action is one known to common law and is to recover damages for the refusal

of an innkeeper to accommodate its guests and to treat them with respect.

The defendant maintains that the rights and liabilities attaching to a public restaurant are to be distinguished from the rights and liabilities attaching to an innkeeper; that although the restaurant in the instant case was used in conjunction with the hotel it must be considered apart from the hotel in determining its liability in this particular case; and that under the common law the restaurant proprietor was under no obligation to render restaurant service to the general public without regard to race, color or creed. .

As regards the rights and liabilities of an innkeeper and guest and the duty of the innkeeper to accommodate its guest and refrain from injuring its guest, the case of *DeWolf* v. *Ford* (193 N. Y. 397) clearly discusses the common-law rights and liabilities. The Court of Appeals (p. 401) said: " For centuries it has been settled in all jurisdictions where the common law prevails, that the business of an innkeeper is of a quasi public character, invested with many privileges and burdened with correspondingly great responsibilities. Except as the general rule of the common law is modified by statutory enactment, an innkeeper has the undoubted right to conduct his inn as he deems best so long as he does not violate the law." And (p. 402) the court said: " It is a relation, moreover, which cannot be defined with exactitude in matters of detail, for it may be one thing in a mining camp, or in the remote and sparsely settled portions of a country; it may be another thing in the tavern by the rural wayside, and yet another in the modern urban palace called a hotel. Between the extreme of rugged simplicity on the one hand and of palatial magnificence on the other there are numberless gradations of service, attention, convenience and luxury which must necessarily give the relation of innkeeper and guest such flexibility as will render it adaptable to varying conditions and circumstances. But underneath all these differing conditions there is, of course, a basic legal principle which governs the general relation of innkeeper and guest. The innkeeper holds himself out as able and willing to entertain guests for hire, and, in the absence of a specific contract, the law implies that he will furnish such entertainment as the character of his inn and reasonable attention to the convenience and comfort of his guests will afford." And again (p. 404) the court said: " One of the things which a guest for hire at a public inn has the right to insist upon is respectful and decent treatment at the hands of the innkeeper and his servants. This is an essential part of the contract whether it is express or implied."

In the case of *Boyce* v. *Greeley Square Hotel Co.* (228 N. Y. 106) the general rule of damages and an exception in the case of innkeepers was noted. The action was one to recover damages resulting to the plaintiff by reason of the breach by the defendant of the obligations owed her as a guest of its hotel. At page 111 the court said: " As a general rule, mental suffering resulting from a breach of contract is not a subject of compensation. The rule does not obtain, however, as between a common carrier or an innkeeper and an insulted and abused passenger or guest, or the proprietor of a public resort and a patron publicly ejected."

In the case of *Aaron* v. *Ward* (203 N. Y. 351, 357) the court said: " The defendant having voluntarily entered into a contract with her admitting her to the premises and agreeing to afford facilities for bathing, her status became similar to that of a passenger of a common carrier or a guest of an innkeeper, and in case of her improper expulsion she should be entitled to the same measure of damages as obtains in actions against carriers or innkeepers when brought for breach of their contracts. The reason why such damages are recoverable in the cases mentioned is not merely because the defendants are bound to give the plaintiffs accommodation, but also because of the indignity suffered by a public expulsion. * * * The indignity and humiliation caused by an expulsion in the presence of a large number of people is as great, if not greater, than in the case of an expulsion by a carrier or innkeeper, as it is the publicity of the thing that causes the humiliation. * * * We have not been referred to any decision that holds in the case of a wrongful expulsion from a place of public amusement the aggrieved party is not entitled to compensation for humiliation and indignity."

It seems apparent that once the relationship of innkeeper and guest is obtained, the innkeeper must not only provide such facilities as the character of his inn will afford but must also refrain from insulting, abusing or indulging in any conduct that may unnecessarily bring upon his guest physical discomfort or distress of mind. A violation of these duties gives rise to a cause of action and a cause of action known to common law.

The defendant maintains that the restaurant must be considered separately and apart from the hotel rooming accommodations in the determination of the rights of the parties and not as a part of the hotel itself. The complaint alleges that the dining room was operated by the defendant in the hotel and the restaurant was connected with the hotel. The court must assume this to be the fact. If such is the fact the court is not at liberty to state as a matter of law that the restaurant and dining room is not

part of the hotel. The word "hotel" is in the common acceptance of the word synonymous with "inn" especially an inn of the better class, and the word "inn" at common law meant a place where a traveler is furnished with both lodging and entertainment, including food. (*Dixon* v. *Robbins*, 246 N. Y. 169, 172.)

The defendant has relied on *Carter* v. *Tarantelli* (259 App. Div 1068) to sustain its contention. That case was similar to the one at bar in that the complaint stated two causes of action. In the first cause of action the complainant sought to recover the statutory penalty as provided by sections 40 and 41 of the Civil Rights Law for the refusal of the defendant, a restaurant operator, to render service to her for the reason that she was a colored person. In the second cause of action she sought damages for humiliation, allegedly in violation of her common-law rights. The defendants moved for an order dismissing the second cause of action upon the ground that the complaint on its face failed to state facts sufficient to constitute a cause of action. The Special Term denied the motion and the appellate court reversed the Special Term and dismissed the second cause of action without opinion.

The Special Term in the memorandum of its decision recognized that a distinction existed between an innkeeper and a restaurant operator but applied the common-law liability of an innkeeper to the defendant restaurant operator. This court assumes that it was on this point that the Special Term decision was reversed. The plaintiff in his brief concedes that if it should appear conclusively that the dining room to which these plaintiffs went and asked for service was not a dining room conducted by the defendant but rather a restaurant entirely disconnected from the accommodations provided and maintained for the guests of the hotel, then perhaps, the complaint might be dismissed as to the second cause of action.

The general rule and the one apparently applied in the *Carter* case (*supra*) is that, if a new right be given by statute and a remedy for the invasion thereof be prescribed, the statutory remedy is exclusive, but if there be an existing right and a common-law right of action for its violation, then the statutory remedy is only additional or cumulative. (*Brewster* v. *Rogers Co.*, 169 N. Y. 73, 80.)

As pointed out, once the relationship of innkeeper and guest is established, certain rights and liabilities become existent. One of the implied rights of the guest is not to be abused, insulted or distressed in mind by the action of the innkeeper and further the guest has the implied right to the use of such facilities as the character of the inn will afford. This right is a common-law

right. The breach of this right gives rise to a cause of action. Applying the general rule as laid down in the *Brewster* case (*supra*), the statutory remedy, as set forth in the first cause of action, does not preclude the plaintiffs from maintaining the second cause of action set forth in their complaints, for the reason that there is an existing right and a common-law right of action for its violation. (*Cornell* v. *Huber*, 102 App. Div. 293.)

The motions are denied, with ten dollars costs.

Ordered.