SPENCER ODOM, Respondent, v. EAST AVENUE CORPORATION, Appellant. JAY TONEY, Respondent, v. EAST AVENUE CORPORATION, Appellant. HOMER SMITH, Respondent, v. EAST AVENUE CORPORATION, Appellant. LOWELL PETERS, Respondent, v. EAST AVENUE CORPORATION, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendant's motion to dismiss the second cause of action in the complaints in four actions to recover penalties provided by statute for defendant's refusal to serve plaintiffs in defendant's dining room because they were negroes, and to recover damages suffered by plaintiffs because of the humiliation imposed by such refusal.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ. [178 Misc. 363.]

In the Matter of Awarding Letters of Administration Upon the Estate of WILLAMINA WILDESIN, Sometimes Also Known as MINA WILDESIN and WILLAMINA WILDESIN, Deceased. BERTHA WILDESIN, as Administratrix, etc., of JOHN C. WILDESIN, Deceased, Appellant; DONALD TAIT and HENRIETTA E. MACK, Respondents.— Decree affirmed, without costs of this appeal to any party. All concur, except Dowling and McCurn, JJ., who dissent and vote for reversal on the law and facts and for granting a new trial, on the authority of Matter of Sadowski, 246 App. Div. 490, and Matter of Maiden, 284 N. Y. 429. (The decree awards letters of administration of decedent's estate.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELEANOR TALLMAN, Respondent, v. HARLEY PARKER, Appellant.— Judgment affirmed, without costs of this appeal to either party. Motion for stay denied, without costs. All concur. (The judgment adjudges defendant to be the father of complainant's child and directs him to contribute toward the support of the child, in a filiation proceeding.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

VINCENT J. LOUGHLIN, Respondent, v. AUGUSTA SUNDQUIST, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, upon the ground that the verdict is against the weight of the evidence. Memorandum: The amount of the verdict could only have been based on a finding of the jury that the plaintiff was entitled to such an amount by reason of the alleged contract of retainer. Such a finding was against the weight of evidence. The charge, although it should have done so, did not instruct the jury as to the method by which it could determine the amount to which the plaintiff was entitled if he were entitled to recover on the basis of quantum meruit. All concur. (The judgment is for plaintiff in an action to recover fees for legal services.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.