OPINION OF THE COURT

Per Curiam.

Judgment entered January 20, 1982 unanimously affirmed, with $25 costs.
We agree with Trial Term that on the first cause of action, plaintiff did not adduce proof of damages compensable at law. An innkeeper is liable for mental distress where his breach of duty is accompanied by insult, indignity, abuse, or humiliation (13 NY Jur, Damages, § 129), but there must be some tortious act “committed in virtue of a deliberate intent and design * * * not merely negligent” (Boyce v Greeley Sq. Hotel Co., 228 NY 106, 111). Taking the evidence most favorable to the plaintiff, no willful assault, abuse or maltreatment of a hotel guest was here *1077 shown. All that occurred was that through clerical oversight, the defendant checked the plaintiff out a day before his reserved contract of lodging was to terminate and placed another party in possession, with the result that plaintiff was unable to occupy his room when he returned in the early morning hours of the day in question. Undoubtedly, this turn of events was a source of inconvenience and irritation to the plaintiff but absent other circumstances of aggravation, recovery for emotional and mental distress on these facts must be denied (Kellogg v Commodore Hotel, 187 Misc 319). It is pertinently noted that plaintiff himself testified that defendant’s employee was not discourteous or abusive, and it is difficult to find any degree of “humiliation” in an incident which unfolded in a deserted hotel lobby at 3:00 a.m. witnessed by a solitary and apologetic desk clerk. “[I]t is the publicity of the thing that causes the humiliation” (Aaron v Ward, 203 NY 351, 357).
Punitive damages are not generally allowed where the theory of the action is breach of the innkeeper’s duty (27 NY Jur, Hotels, Restaurants, & Motels, § 40; De Wolf v Ford, 193 NY 397; Tobin v Slutsky, 506 F2d 1097). Furthermore, since defendant’s conduct in this case was not wanton, malicious, or shown to be actuated by wrongful motives, there is no reason to punish it.
Tierney, J. P., Riccobono and Sullivan, JJ., concur.