HERBERT L. POLLOCK, Appellant, v HOLSA CORP. et al.,
Doing Business as SKYLINE MOTOR INN, Respondents.

First Department, January 5, 1984

### APPEARANCES OF COUNSEL

*Paul G. Burns* of counsel (*Judah Gribetz* and *John L. Altieri, Jr.,* with him on the brief; *Mudge, Rose, Guthrie, Alexander & Ferdon,* attorneys), for respondents.

*Bob Graubard* of counsel (*Jay J. Gurfein, P. C.,* attorney), for appellant.

### OPINION OF THE COURT

MURPHY, P. J.

The first cause of action was dismissed by the trial court at the close of plaintiff's case. Upon such a motion, plaintiff was entitled to the most favorable inferences to be drawn from his proof. (*Brisette v New York City Tr. Auth.,* 45 AD2d 960, mot to amend or reargue den 46 AD2d 686.) At trial, plaintiff testified that, at about 3:30 A.M. on May 5,

1978, he discovered that the defendants had placed another individual in his hotel room. He further testified that his reservation for that room was not to terminate until later that morning. Although defendants' night clerk was most courteous, plaintiff found himself without a room in the middle of the night. He was forced to drive home in the early morning hours.

Clearly, this testimony indicated that defendants had breached their duty in their role as innkeeper. The evidence strongly suggested that plaintiff had been wrongfully evicted from his room by defendants' employees. (*de Wolf v Ford,* 193 NY 397, 404, 405.) In a colloquy with plaintiff's counsel, the trial court conceded that plaintiff had established a prima facie case against defendants. However, the trial court found that the injuries claimed by plaintiff were not compensable. Therefore, it dismissed the first cause. The Appellate Term agreed and it affirmed the judgment dismissing the first cause (114 Misc 2d 1076).

The damages sought under the first cause are enumerated in paragraph ELEVENTH of the complaint: "ELEVENTH: As a result of Plaintiff's eviction from his assigned hotel room and refusal to provide alternate sleeping accommodations, Defendants did breach their contract with Plaintiff, causing Plaintiff to suffer great humiliation and indignity by public expulsion for [*sic*] his room as aforesaid, as well as physical discomfort and distress of mind, all to Plaintiff's damage in the sum of $25,000.00."

There was no evidence in the record that plaintiff was abused or insulted by defendants' night clerk. Therefore, we agree with the trial court and the Appellate Term that plaintiff was not entitled to recover compensatory damages for allegedly suffering (i) humiliation, (ii) indignity and (iii) distress of mind. (*Boyce v Greeley Sq. Hotel Co.,* 228 NY 106, 111.) Likewise, we agree with their determination that plaintiff was not entitled to punitive damages (*de Wolf v Ford, supra,* at p 406). We disagree with their conclusion that the portion of the first cause as sought damages for "physical discomfort" should also be dismissed.

A plaintiff may be entitled to recover damages for "physical discomfort" resulting from a breach of contract where those damages may reasonably be held to have been within

the contemplation of the parties (22 Am Jur 2d, Damages, § 47, p 75; cf. *McConnell v United States Express Co.,* 179 Mich 522). In this proceeding, the plaintiff was required to drive to his home in Roslyn, Long Island, at 4:00 A.M. after he had spent many hours entertaining clients. The "physical discomfort" experienced by plaintiff as a result of this inconvenience is an item of damage that was within the contemplation of the parties at the time plaintiff became a guest in this inn. Therefore, that item of damage should have been submitted to the jury for its consideration. Even if the defendants acted unintentionally in breaching their duty to plaintiff, they must still answer in damages.

The case of *Odom v East Ave. Corp.* (178 Misc 363, affd 264 AD2d 985) does not dictate a different determination. In *Odom,* the plaintiff alleged in the second cause of action that defendant hotel had refused to serve him in a restaurant because of racial discrimination. The Fourth Department affirmed the Supreme Court's order which denied defendant's motion to dismiss that second cause. In the course of its decision, the Supreme Court stated (178 Misc, at p 366): "It seems apparent that once the relationship of innkeeper and guest is obtained, the innkeeper must not only provide such facilities as the character of his inn will afford but must also refrain from insulting, abusing or indulging in any conduct that may unnecessarily bring upon his guest physical discomfort or distress of mind. A violation of these duties gives rise to a cause of action and a cause of action known to common law."

It is true that an innkeeper should not insult or abuse a guest because such activity might cause "physical discomfort" to the guest. This statement in *Odom (supra)* does not preclude the possibility that other acts of wrongdoing on the part of the innkeeper may cause "physical discomfort". As was developed above, the wrongful eviction of a guest by the innkeeper may cause damages flowing from the "physical discomfort" experienced by the guest.

The order of the Appellate Term, entered June 24, 1982, which affirmed a judgment of the Civil Court, New York County (EVENS, J.), entered January 20, 1982, dismissing the entire first cause at the close of plaintiff's case, should be modified, on the law, by vacating so much thereof as

affirmed the dismissal of that portion of the first cause as sought damages for physical discomfort, and by directing a new trial on that portion of the first cause. As modified, the Appellate Term's order should otherwise be affirmed, without costs.

Ross, Carro, Fein and Kassal, JJ., concur.

Order, Appellate Term, First Department, entered on June 24, 1982, unanimously modified, on the law, by vacating so much thereof as affirmed the dismissal of that portion of the first cause as sought damages for physical discomfort, and by directing a new trial on that portion of the first cause. As modified, the Appellate Term's order is affirmed, without costs and without disbursements.